1. JUDGMENT—CONSTITUTIONAL LAW—FULL FAITH AND CREDIT—
   FOREIGN COURTS.
   Decree granted in divorce suit by court of competent jurisdiction
   in another State at time when both parties were residents
   thereof must be given full faith and credit in this State under
   Federal Constitution (article 4, § 1).

2. DOMICILE—INFANTS—DIVORCE.
   Although domicile of infant, until emancipation, is that of father,
   yet when divorce has been granted to mother and unrestricted
   custody of infant awarded to her, infant's domicile thereafter
   becomes that of mother.

3. SAME—INFANTS WARDS OF STATE.
   Where mother, awarded unrestricted custody of infant son by
   decree of court in Ohio, moved to this State, infant became
   domiciled here, became ward of this State, and was no longer
   subject to courts of Ohio.

4. JUDGMENT—CONSTITUTIONAL LAW—INFANTS—DOMICILE.
   Orders made by court in Ohio relative to custody of infant after
   latter became domiciled in this State do not constitute judg-
   ments which must be given full faith and credit under Federal
   Constitution (article 4, § 1).

Certified question from Wayne; Gilbert (Parm
C.), J., presiding. Submitted March 24, 1931. (Cal-
endar No. 35,578.) Decided April 7, 1931.

Habeas corpus proceedings by Frederick Volk
against Hazel Volk to obtain custody of their minor
son, Gilbert Clyde Volk. Question as to binding
effect on courts of this State of order of Ohio court
awarding custody of son to father after mother and
son had acquired domicile in this State was certified

Extraterritorial effect of provision in decree of divorce as to
custody of child, see annotation in 39 L. R. A. (N. S.) 988; 20 A. L.
R. 815.

Divorce of parent as affecting citizenship, domicile, residence or
inhabitancy of child, see annotation in 49 L. R. A. (N. S.) 864;
53 A. L. R. 1161.

to this court under Rule No. 78, Michigan Court Rules. Order of Ohio court denied extraterritorial effect.

*Maxwell W. Benjamin,* for plaintiff.

*Lawrence J. De Ferie,* for defendant.

SHARPE, J. Section 1 of Rule No. 78 of the Michigan Court Rules, adopted by this court to take effect January 1, 1931, reads as follows:

"Whenever the judge of any court, or the officers of any tribunal, from which an appeal lies to the Supreme Court, shall be in doubt as to any controlling question or questions of law involved in a pending case or controversy, such judge or officers may certify such question or questions to the Supreme Court with a statement of the facts relevant thereto sufficient to make clear the application of such question or questions, and further proceedings relative to such case or controversy shall thereupon be stayed to such extent as the judge or officers shall by order direct pending the receipt of an answer from the Supreme Court."

Pursuant thereto, the trial court has certified to this court the following statement of facts, and requests an answer to the question appended thereto:

"1. This is an action by writ of habeas corpus brought by the above-named plaintiff, Frederick Volk, a citizen of the State of Ohio, against the above-named defendant, Hazel Volk, now domiciled in the State of Michigan, for the purpose of obtaining custody and control of Gilbert Clyde Volk, aged two years, the minor child of the parties hereto.

"2. Both plaintiff and defendant resided in the city of Toledo, Ohio, sometime prior to September 10, 1930. Plaintiff herein commenced divorce pro-

ceedings against defendant in the court of common pleas for Lucas county, Ohio, praying for a divorce. Defendant herein entered an appearance in that cause and a final decree was duly entered therein on April 7, 1930, granting plaintiff herein an absolute divorce from defendant and giving custody of said minor child to the mother, Hazel Volk, defendant herein, and ordering plaintiff herein to pay certain alimony for the support of the child.

"3. The State of Ohio has a statutory court known as the juvenile court, which in Lucas county is presided over by one of the judges of the common pleas court. Under the statute organizing the juvenile court, it has exclusive jurisdiction over minors in the following cases:

"a. In divorce cases, where the decree of divorce refers the custody and care of the minor children to the juvenile court (there was no reference to the juvenile court in the decree of divorce granted the parents).

"b. Children under eighteen years of age, when they were:

"1.   Delinquent.

"2.   Dependent.

"3.   Neglected.

"Upon determination of the juvenile court that the child was delinquent, dependent, or neglected, the jurisdiction of the court was as follows:

" 'Section 1643.   When Jurisdiction Terminates. —When a child under the age of eighteen years comes into the custody of the court, under the provisions of this chapter, such child shall continue for all necessary purposes of discipline and protection, a ward of the court, until he or she shall attain the age of twenty-one years. The power of the court over such child shall continue until the child attains such age.'

"Other pertinent sections of the juvenile court act of Lucas county are as follows:

" 'Section 1645 * * * For the purpose of this chapter, the words "dependent child" shall mean any child under eighteen years of age, who is dependent upon the public for support; or who is destitute, homeless or abandoned; or who has not proper parental care and guardianship * * * or whose condition or environment is such as to warrant the State, in the interest of the child, in assuming its guardianship.'

" 'Section 1648 * * * Upon filing of the complaint, a citation shall issue, requiring such minor to appear and the parents or guardian or other person, if any, having custody or control of the child or with whom it may be, to appear with the minor, at a time and place to be stated in the citation. * * * A parent, step parent, guardian, or other person not cited may be subpœnaed to appear and testify at the hearing.'

" 'Section 1653 * * * When a minor * * * is found to be dependent or neglected, the judge may make an order committing such child to the care of * * * some reputable citizen of good standing.'

" 'Section 1663 * * * When a complaint is made or filed against a minor, the probation officer shall inquire into and make investigation into the facts and circumstances surrounding the alleged delinquency, neglect, or dependency. * * * He shall be present in court to represent the child when the case is heard. * * *,

" 'Section 1683. Chapter to be liberally construed —This chapter shall be liberally construed to the end that proper guardianship may be provided for the child, in order that it may be educated and cared for, as far as practicable in such manner as best subserves its moral and physical welfare, and that, as far as practicable in proper cases, the parents, parent or guardian of such child may be compelled to perform their moral and legal duty in the interest of the child.'

"4. On the 28th day of February, 1930, Hazel Volk, defendant herein, the mother of the minor child, Gilbert Clyde Volk, filed a petition in the juvenile court of Lucas county, Ohio, stating that 'Gilbert Clyde Volk has not proper parental care, in that his parents are separated and fail to properly care for him.' This application was filed in the juvenile court on the 28th day of February, 1930, citation was issued, served on the father, who is plaintiff herein, and on the mother, defendant herein. The records of the juvenile court of Lucas county show the following proceedings and orders made after the filing of the application.

"March 3, 1930, citation issued and duly served and on March 5, 1930, the record shows the following entry:

" 'Defendant in court, hearing had. Defendant dismissed and given right of visitation during daytime every other day starting March 10, 1930.'

"On May 9, 1930, another citation was issued and duly served and on May 14, 1930, said record shows the following entry:

" 'Defendant in court, hearing had. Father allowed to have child as ordered next Sunday and every other Sunday.'

"On July 2, 1930, a third citation was issued and duly served and on July 16, 1930, said record shows the following entry:

" 'Allowance by United States to be paid through the Toledo Humane Society, Trustee. Visitation. only to be had 3 to 6 p. m. Sunday.'

"On September 5, 1930, a fourth citation was issued and duly served and on September 10, 1930, the record shows the following entry:

" 'Defendant in court, hearing had. Father to have child every week Thursday, 1 p. m. to Friday, 6 p. m. Mother to give child to father. Father to return child to mother. Starting September 11, 1930.'

"On the night of September 10, 1930, defendant herein with her said minor child moved to Detroit, Michigan, where she and said child have since resided continuously with her parents. Since her arrival in Michigan she has not been without its confines.

"The record of the Lucas county, Ohio, juvenile court also shows that on September 15, 1930, another citation was issued for hearing September 17, 1930, served on plaintiff herein but not on defendant herein, and under date of September 17, 1930, the following entry appears:

" 'Defendant in court, hearing had. Gilbert Clyde Volk probated to temporary care and custody of father, Frederick Volk, to be kept with paternal grandparents.'

"On October 10, 1930, another citation was issued by said juvenile court, served on the plaintiff herein but not on defendant herein for hearing on October 15, 1930, and under date of October 15, 1930, appears the following entry:

" 'Defendant in court, hearing had. Judge ordered sole and legal custody awarded to father. See J. E. 12/8205/403.'

"The defendant, Hazel Volk, admits that in all proceedings had in said juvenile court up to and including September 10, 1930, she appeared in person in the juvenile court after service of due process, and it is conceded that no citations were served on defendant, Hazel Volk, for either of the hearings held on September 17th or October 15, 1930; and that she was not present in court at either of said last two hearings.

"Neither the decree of divorce nor any of the orders made in the juvenile court of Ohio, expressly prohibited the mother from removing the child out of the jurisdiction of the Ohio courts, but on the 10th day of September, 1930, without the permission or knowledge of the juvenile court, or the knowledge

or consent of the father, Frederick Volk, defendant, Hazel Volk, moved to the State of Michigan, taking the infant child with her.

## "CERTIFIED QUESTION.

"Are the orders of the juvenile court for Lucas county, Ohio, modifying its previous orders for the temporary care and custody of the minor child, Gilbert Clyde Volk, made without service of process on defendant, Hazel Volk, and made after she had left the State of Ohio, with the child, and she had acquired a domicile in the State of Michigan, valid and binding, so that such orders cannot be collaterally attacked in the proceedings instituted in the circuit court for the county of Wayne, State of Michigan?"

The decree of divorce in this case was granted by the court of common pleas for Lucas county, in the State of Ohio, at a time when both parties were residents of that county. Its jurisdiction in such cases is similar to that of our circuit courts, and "full faith and credit" must be given to the decree under article 4, § 1, of the Constitution of the United States. The custody of the minor child was given to his mother. It does not appear that this decree has been in any way modified or changed by the court granting it.

It does appear, however, that the mother filed a petition in the juvenile court of Lucas county, stating that the minor child "has not proper parental care, in that his parents are separated and fail to properly care for him." The jurisdiction of that court as it appears from the statute above quoted was dependent upon a finding that the child was either dependent or neglected.

At the time the petition for the writ of habeas corpus was filed, the mother had acquired a domi-

cile in the State of Michigan. The domicile of an infant until emancipation is that of his father. But, under the decree of divorce, the mother was given his unrestricted custody. His domicile thereafter became that of his mother, and, when she removed to this State and became domiciled here, the domicile of the child was in Michigan.

"When a divorce has been granted to the wife, however, and unrestricted custody of the minor child of the marriage given her in the decree, her own domicile, and not the father's, establishes that of the child." 9 R. C. L. p. 549.

See, also, *Fox* v. *Hicks,* 81 Minn. 197 (83 N. W. 538, 50 L. R. A. 663), note 49 L. R. A. (N. S.) 864 *et seq.*

When the minor became domiciled here, he became a ward of this State (*Kane* v. *Kane,* 241 Mich. 96), and no longer subject to, or under the control of, the courts in Ohio. The orders thereafter made by the juvenile court of that State in no way affected his status, and do not severally constitute judgments which must be given full faith and credit under the provision in the Federal Constitution.

The reason for the application of this rule is well stated in 15 R. C. L. p. 940:

"Nor is a decree of a court of one State awarding the custody of a child binding upon the courts of another State under the full faith and credit clause of the Federal Constitution after the child had become domiciled in the latter State. Such a decree as to a child has no extraterritorial effect beyond the boundaries of the State where it is rendered, and the courts of the second State will not remand the child to the jurisdiction of another State, especially where it is against the true interests of the child. The reason for this rule is found in the

fact that children are the wards of the court and the right of the State rises superior to that of the parents. Therefore, when a child changes his domicile and becomes a citizen of a second State, he is. no longer subject to the control of the courts of the first State.''

See, also, *In re Hugh Alderman,* 157 N. C. 507 (73 S. E. 126, 39 L. R. A. [N. S.] 988), and the note appended to the latter.

It follows that the question submitted must be answered in the .negative.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.