VILLAGE OF MONTROSE *v.* STEELE.

1. APPEAL AND ERROR—CERTIFIED QUESTIONS—FINAL DISPOSITION OF SUIT.

Rule as to certified questions (Michigan Court Rule No. 78) was not intended to enable trial judge to secure in advance rulings of Supreme Court on admissibility of evidence, nor to obtain ruling on any other question arising incident to trial of case, unless answer to certified question would finally dispose of pending suit.

As to definiteness of question to be certified, see annotation in 31 L. R. A. 392.

2. Same—Certificate Dismissed Where Question Not Control-
     ling.

> Where certified question amounts to no more than asking Su-
>    preme Court to pass on admissibility of evidence in pending
>    suit, and may or may not present controlling issue, depending
>    upon matters of estoppel, waiver, and possibly other phases
>    of suit, certificate is dismissed.

Certified question from Genesee; Gadola (Paul
V.), J. Submitted August 17, 1931. (Calendar No.
35,715.) Decided October 30, 1931.

Assumpsit by Village of Montrose, a municipal
corporation, against G. A. Steele to recover sums
paid as workmen's compensation. Question as to
defenses open to defendant certified to this court
under Michigan Court Rule No. 78. Certificate dis-
missed.

*Neithercut & Neithercut,* for plaintiff.

*Guy W. Selby,* for defendant.

North, J. Plaintiff village contracted with the
defendant for the construction of a sewer August 21,
1929. Incident to this work Robert Wilcox, an em-
ployee of defendant, was fatally injured. The
widow of deceased was awarded compensation
against the plaintiff village. It has brought this
suit against defendant to recover the money so paid.
By statutory provision plaintiff was an employer
under the workmen's compensation act, 2 Comp.
Laws 1929, § 8411. Defendant had not elected to
come under this act. In the instant case he denies
liability, and the issue is here on the following cer-
tified question:

"May the defendant, G. A. Steele, defend on the
ground that the deceased was guilty of negligent and

wilful misconduct, and as a result thereof plaintiff be barred from recovering the money it has paid?''

Compensation was awarded against plaintiff under 2 Comp. Laws 1929, § 8416, which in part provides:

"Sec. 10. (a) Where any employer subject to the provisions of this act (in this section referred to as the principal) contracts with any other person (in this section referred to as the contractor), who is not subject to this act and who does not become subject to this act prior to the date of the accidental injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workmen employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him.   *   *   *

"(b) Where the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor as the case may be.   *   *   *   The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor.''

Plaintiff's declaration in assumpsit is framed in accordance with the foregoing facts and based on the above statutory provisions. Defendant pleaded the general issue with no notice of affirmative defenses. Except as may be inferred from the briefs, we are not advised as to whether the case has been brought on for hearing. However, we assume testimony has been taken at least in part. Consideration of the certified question discloses that it amounts to no more than asking this court to pass upon the admissibility of evidence in a suit pending in the

circuit. Further, the question may or may not present a controlling issue in the case depending upon matters of estoppel, waiver, and possibly other phases of the suit as to which we are not at all advised by this record.

The rule as to certified questions (Michigan Court Rule No. 78, quoted in *Re Volk,* 254 Mich. 25) was not intended to enable a trial judge to secure in advance rulings of this court on admissibility of evidence; nor to obtain a ruling upon any other question arising incident to the trial of the case, unless the answer to the certified question, regardless of whether such answer was in the affirmative or negative, would finally and conclusively dispose of the pending suit. An affirmative answer to this certified question would obviously leave the case unsettled and open for further trial and adjudication in the circuit court.

"Questions should be certified only when the facts are all in and when the answers to the questions will finally determine the suit." *Wood* v. *State Administrative Board, ante,* 220.

In *Bell* v. *Wickham, ante,* 501, which involved the sufficiency of a certified question, we said:

"The information given is short of facts essential to decision. When, without all the relevant facts, the questions are 'so broad and indefinite as to admit of one answer under one set of circumstances and a different answer under another,' the certificate will be dismissed. *White* v. *Johnson,* 282 U. S. 367 (51 Sup. Ct. 115). * * *

"It is not intended that we frame questions or state needed facts essential to decision."

The certificate is dismissed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.