*Ex parte* PEDDICORD.

1. DIVORCE—CUSTODY OF CHILD—FULL FAITH AND CREDIT.
   Decree of another State awarding custody of a child as between its divorced parents is binding on court of this State under the full faith and credit clause of the Constitution of the United States only as to facts and circumstances existing at the time of the decree (U. S. Const., art. 4, § 1).

2. SAME—BEST INTERESTS OF CHILD—CHANGE OF CIRCUMSTANCES.
   Finding that interests of child of divorced parents are best subserved while it remains in custody of mother in this State where she was forced to seek refuge when father failed to keep up alimony is affirmed on appeal of father, a resident of another State, where different conditions have arisen subsequent to decree of court in other State (U. S. Const., art. 4, § 1).

3. SAME—HABEAS CORPUS—CUSTODY OF CHILD—JURISDICTION.
   Father, in petitioning for writ of *habeas corpus* to obtain custody of four-year-old child from the mother in court of this State prior to termination of proceeding for same purpose in State in which divorce was granted, may not complain of lack of jurisdiction of Michigan court (U. S. Const., art. 4, § 1).

Appeal from Delta; Stone (John G.), J., presiding. Submitted June 12, 1934. (Docket No. 109, Calendar No. 36,815.) Decided October 23, 1934.

*Habeas corpus* proceedings by James Peddicord against Leone L. Peddicord to obtain custody of their minor son James Edward Peddicord. Writ denied. Petitioner appeals. Affirmed.

*Doyle & Doyle* (*Cowell & Frankhauser* and *L. H. Dunten,* of counsel), for plaintiff.

*N. C. Spencer,* for defendant.

EDWARD M. SHARPE, J.  Petitioner and respondent
Leone L. Peddicord were married in Allen county,
Indiana, in June, 1927, and as a result of that mar-
riage a son, James Edward Peddicord, was born in
August, 1928.  July 16, 1931, a divorce was granted
respondent on her cross-bill.  The decree provided
among other matters that petitioner pay respondent
for the support of the minor child the sum of $7.50
per week and also provided that the custody of the
child be given to respondent, subject to the right of
the father to visit said child at reasonable times and
to have the custody of the child on alternate Satur-
day afternoons and until 8 p. m. the following day.
The decree also provided that the mother have the
right to remove the child from the State each year
during the months of July and August for a period
of not to exceed 30 days.

During the months of July and August, 1931,
respondent took the child to Michigan and remained
there longer than 30 days.  She then returned to
Indiana where she had some difficulty with petitioner
over his failure to pay alimony and concerning the
child's clothing.  About December 10, 1931, respond-
ent removed the child to the home of her mother,
Anna Spencer, in Escanaba, Michigan.  The child
has remained in this State continuously since that
time.

In January, 1932, the superior court of Allen
county, Indiana, upon motion of petitioner, entered
an order suspending the order for the support of the
child.  In April, 1932, petitioner presented a petition
to the Indiana court asking for the sole custody of
the child.  A summons was issued and was served
upon respondent in Escanaba, Michigan, May 31,
1932.  Through her attorney, respondent entered a
special appearance, objecting to the jurisdiction of

the court, and at the same time filed a motion to set aside the service of summons and notice of petition to modify the decree. On June 20, 1932, the respondent's motion was overruled and petitioner was given the custody of the child and the court ordered that the child be kept within the jurisdiction of the Indiana court.

Prior to this order and on June 13, 1932, the petitioner filed a petition in the circuit court of Delta county, Michigan, for a writ of *habeas corpus* in which he alleges that he is entitled to the custody of the child by reason of the fact that he had filed a petition in the Indiana court to modify the original order and give him custody of the child on the ground that respondent had violated the Indiana decree of July 16, 1931, by removing the child from the State, and for the further reason that respondent and Anna Spencer, the mother of respondent, are not fit persons for the custody of the child.

The writ was issued and the child was produced in court June 15, 1932, and was remanded to the custody of Newton C. Spencer during the pendency of this action. On June 23, 1932, after hearing the testimony, the trial court dismissed the petition, from which order petitioner appeals and claims that the Michigan court is bound under the full faith and credit clause of the United States Constitution by the decree of the Indiana court made June 20, 1932.

In *Re Leu,* 240 Mich. 240, this court held that under the full faith and credit clause of the United States Constitution (art. 4, § 1) a decree of another State awarding custody of a child as between its divorced parents is binding only as to facts and circumstances existing at the time of the decree.

The trial court found as a fact that the welfare of the child was best subserved while remaining in the custody of the mother. In this finding we agree.

The decree of the Indiana court, introduced in evidence, gave the custody of the child to the mother, subject to certain rights of petitioner, who was only required to pay $7.50 per week for the support of the child and no other sums for alimony. The testimony in the instant case showed that petitioner frequently failed to make these small payments promptly and in one instance only after pressure was brought on him; that the mother was supported by her own mother and stepfather residing in Escanaba, Michigan, to whose home the mother and child were finally forced to go for refuge and support. The marital misfortunes of the parents were being visited upon the child, who is now in the very best surroundings where it can be properly brought up in peace and comfort. While in Indiana it witnessed quarrels and an act of extreme cruelty when, in an altercation over the child, petitioner struck the mother and injured her. In a case involving the custody of a child, where different conditions have arisen subsequent to the order or decree of a court in another State, the local court will be guided in its decision by what appears best for the welfare and interest of the child. *In re Stockman,* 71 Mich. 180; *In re Leu, supra; In re Volk,* 254 Mich. 25.

When petitioner filed his petition for a writ of *habeas corpus* all of the parties were in Michigan and within the jurisdiction of the Delta county circuit court. Petitioner, having submitted to that court the issue of the custody of the child and invoked its jurisdiction without awaiting the termination of the Indiana proceeding, cannot now complain of its lack of jurisdiction but must abide the decision of the Michigan court.

Judgment affirmed, with costs to respondent.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.