## No. 14,592.

HODGEN, GARDIAN ET AL. *v.* BYRNE.

(98 P. [2d] 1000)

Decided January 29, 1940.

Mr. HARRY BEHM, Mr. THOMAS P. BRADFIELD, Mr. JOHN M. DUNHAM, for plaintiffs in error.

Mr. H. A. HICKS, JR., for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFFS in error by petition sought a writ of habeas corpus against defendant in error, respondent below, to compel the production in court of a minor child and for

a determination of its proper custody. The trial court sustained a general demurrer to the petition and dismissed the proceeding. Petitioners seek reversal here.

Plaintiff in error John T. Byrne is the divorced husband of defendant in error. The child, the subject of this litigation, was the issue of the marriage of the parties in Michigan, which was the matrimonial domicile. March 18, 1936, a final decree of divorce in an action by the wife was entered based on extreme and repeated acts of cruelty of the husband, and she was awarded custody of the child. The final decree provided that the father should have the child over week ends and during one half of vacation periods; the mother to have his custody over week ends while he was in the custody of the father during the time the boy was with him in vacation periods. The husband also was to pay $10 a week for alimony and support money. Shortly after the decree was entered he went to South America, and the wife and child came to Colorado where she obtained employment.

Thereafter, the parents of the father, on learning of the departure of the wife for Colorado, petitioned the Michigan court for a modification of the original decree, and requested the appointment of a legal guardian, presumably based upon the alleged unfitness of the mother to have further custody. The defendant in error was served with a notice of this hearing, but upon being advised that since she had established residence in Colorado the Michigan court no longer had jurisdiction over her or the child, and because of insufficient funds, she made no appearance at the hearing in Michigan.

The Michigan court appointed plaintiff in error Hodgen guardian of the minor and decreed its custody to him. The guardian made a demand in Colorado for the custody of the child, which was refused, whereupon this petition for a writ of habeas corpus was filed.

The petition recited the findings and order of the Michigan court in which was incorporated a finding

of the unfitness of the mother to have the custody of the child. A motion to make the allegations concerning such unfitness more specific, was. sustained and plaintiffs in error withdrew the allegations. Therefore, whether the issue "the welfare of the child" was tendered by the petition, we need not consider, because all of the assignments of error can be summarized in the query: Was the Colorado court bound to recognize the orders of the Michigan court, under the full faith and credit clause—article IV, section 1—of the federal Constitution? We think the trial court was right in holding that it was not so bound, and that the primary and controlling issue in cases of this kind is the interest and welfare of the child (*Averch v. Averch,* 104 Colo. 365, 90 P. [2d] 962); that a petition of the nature of the one here involved, based solely on the full faith and credit clause, under the circumstances, does not state grounds sufficient to authorize the issuance of a writ of habeas corpus, and consequently is vulnerable to attack by general demurrer.

There were allegations to the effect that defendant in error was not a bona fide resident of Colorado, but a fugitive from Michigan on the eve of the presentation of a petition to change the custody of the child; however, the Michigan court did not so determine, nor did it adjudge her in contempt for violation of any former order.

Whatever may have been her intentions when she left Michigan the fact remains she had the legal custody of the child. When she came to Colorado, she established residence here, obtained employment and supported herself and the child—payment to her of support money, under the Michigan statute, automatically ceased when she left that state—and at the time of the hearing she had married again, and now is living with her husband and child at La Junta in this state.

While there are some minor factual differences between this case and that of *People ex rel. v. Torrence,*

94 Colo. 47, 27 P. (2d) 1038, no good reason occurs to us why the rules of law there announced should not apply here. In fact, the situation here is more favorable to the mother than was that in the Torrence case, because there the mother violated a court order when she took the child from the state, and at most, that is only inferentially true—as counsel admits—in the case at bar.

For a recent case involving substantially the same situation, in which a number of authorities are reviewed, and the same conclusion announced, see *Kruse v. Kruse* (Kan.), 96 P. (2d) 849.

Finally, it may be noted that the law of Michigan is in accord with the above. *In re Stockman,* 71 Mich. 180, 38 N. W. 876; *In re Leu,* 240 Mich. 240, 215 N. W. 384, and *Ex parte Peddicord,* 269 Mich. 142, 256 N. W. 833.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.