## No. 14,827.

IN RE JONES, AN INFANT.
JONES *v.* WHEELER, STATE HUMANE OFFICER.
(105 P. [2d] 848)

Decided September 16, 1940.

Mr. DAVID ALLEN, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS case comes to us from the juvenile court and involves the custody of a five year old boy, the mother of whom is plaintiff in error. The father has been deceased for some years. The boy is one of five children, who range in age from five to twelve years. June 19, 1939, a petition in dependency was filed by defendant in error Wheeler of the State Humane Society involving all five children and naming the mother as respondent. Following the hearing thereon, June 23, 1939, all were adjudged dependent and committed to the state home for dependent children. The testimony of those who made the investigation for the court at that time indicated conditions, which we think fully justified the dependency order. The mother was not represented by counsel at the hearing.

A petition for rehearing was filed, hearing on which was continued from time to time over a period of several months, until finally on the 21st day of May, 1940, the court denied the petition, and it is to review this order of denial that the matter is before us on an application for a supersedeas. No appearance has been entered for defendants in error.

█ █ Since the entry of the original dependency order committing the five children to the state home, the

custody of four of them has been given by the state home officials to a maternal aunt of the children and her husband (a Mr. and Mrs. Ferrell), who live in Texas. The principal ground urged for a reversal here is, that since the Ferrells have four of the children and want the fifth—the boy involved in this proceeding—they should be given his custody. The Ferrells have a large and well equipped home, and Mr. Ferrell has a good position. They seem to be reliable people and not only have indicated a willingness to assume responsibility for the boy, but offer the mother a home and employment with them, so that she may be with her children.

Meanwhile, the boy—the exact date not appearing— had been placed by the state officials in a Denver home for adoption, and the judge of the juvenile court apparently is under the impression that the prospective adoptive parents have acquired some vested rights to the boy, although his reasons for denying the rehearing do not appear in the record.

We are not called upon to decide whether said prospective adoptive parents have acquired any vested rights to the child, because no legal adoption has been perfected, and they were specifically advised of the present litigation by the superintendent of the home. The formal adoption has been postponed for a year, or until March 4, 1941, so whatever rights they may assert in the matter are subject to the final disposition of the present proceeding.

While probably unnecessary, we again iterate the rule so often announced in this jurisdiction, that in proceedings involving the custody of minor children, the primary and controlling issue is the interest and welfare of the child. *Hodgen v. Byrne,* 105 Colo. 410, 98 P. (2d) 1000.

Without commenting upon the action of the trial court, we believe that in view of the situation presented

by the record a rehearing should be granted, and to that end the judgment is reversed and the cause remanded.

Mr. Chief Justice Hilliard and Mr. Justice Burke concur.