Weygandt, C. J.
The question before this court for consideration is whether, under the particular circumstances of this case, the courts of this state are required to give full faith and credit to the decree of the California court in compliance with Section 1, Article IV of the federal Constitution.
The facts are simple and not in dispute.
*204 In 1952 the parties were residents of the state of California and within the jurisdiction of the trial court in Los Angeles County. The divorce was granted to the husband, and a property settlement was approved in the decree. The mother was awarded the custody of the child with the right of reasonable visitation by the father, and the decree contained no provision requiring either the mother or the child to remain in California. The following year, at the suggestion of the father, the mother and the child moved to the city of Canton, Ohio, her former home, where relatives are living. The next year the father obtained a modification of the California decree so that he is now authorized to have the custody of the child from June 8 to August 15 each summer. He then visited the child and mother in Canton and stated that he wished to take the child back to California. To this the mother objected on the ground that it would be a hardship on the child. Then the father instituted the instant action in Ohio asking that the mother be ordered to deliver the child to him in conformity with the modified California decree.
Are the Ohio courts required to accord full faith and credit to the modified California decree ?
The defendant mother insists that the modified decree is not binding on her for several reasons. First, she contends that she was not properly notified of the California proceeding by which the father was allowed custody of the child each summer. Personal service was obtained on the mother’s California attorney of record, and a notice was sent to her in Ohio by registered mail — a procedure valid under California law. Neither the mother nor her attorney was present at the California hearing. It is the view of the father that the service of the notice was valid for the reason that the California court had continuing jurisdiction and that hence it was proper and necessary to obtain the service in conformity with the California law. The mother’s answer to this is that the theory of continuing jurisdiction can not apply to either her or the child since both were then and are now properly domiciled in Ohio and not in California, and the child is no longer a ward or responsibility of the state of California but of Ohio.
As observed by the Court of Appeals, the authorities are not *205 in agreement as'to the 'answer to this problem. However, the better reasoned and the more humane rule is that the most important and controlling consideration is the welfare of the child. The mother relies on several pertinent decisions — two from California itself. The latter are In re Culp, 2 Cal. App., 70, 83 P., 89, and In re Inman, 32 Cal. App. (2d), 130, 89 P. (2d), 421. In the second of those the court said:
“We are of the opinion that * * * the courts of California are not bound by a decree subsequently made by the Colorado court, setting aside its order awarding the custody of the minor to the mother; that the best interests and welfare of the child are of paramount consideration.
U # * *
“* * * The child being within this jurisdiction, the courts of the state are not precluded by any judgment or order of a sister state from inquiring into and determining on their own behalf what are the best interests of the child. The decree of a sister state is never a bar to inquiry as to the best interests of a child.”
Another case cited by the mother is In re Volk, 254 Mich., 25, 235 N. W., 854, in which the Supreme Court of Michigan held:
“When the minor became domiciled here, he became a ward of this state * * *, and no longer subject to, or under the control of, the courts in Ohio. The orders thereafter made by the Juvenile Court of that state in no way affected his status, and do not severally constitute judgments which must be given full faith and credit under the provision in the federal Constitution.”
A similar conclusion was reached in the case of Milner v. Gatlin, 139 Ga., 109, 76 S. E., 860, in which the Supreme Court of Georgia made the following comment:
“When the father took up his domicile in Georgia he was entitled to the custody of his infant child in his possession, both on account of the parental relation and the judgment of the Texas court. Whatever right the Texas court may have had to vacate or amend its judgment so as to affect the marital status of the parties, it was without jurisdiction to fix a new status for the child, who was not within its jurisdiction at the *206 time judgment of reformation was given. The courts of one state have no power to change the status of citizens of another state. # * * it may be said that C. W. Milner was served with notice of the application to reform the original decree, by the sheriff of Pike County, Georgia. This service goes for naught, because the authority of a court to issue and serve process is restricted to the territory of the state where issued, and the court has no power to require persons not within such territory to appear. * * * ‘ A judgment rendered by a court without jurisdiction is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment.’ ”
Another decision on which some reliance is placed by the mother is in the case of May v. Anderson, 345 U. S., 528, 97 L. Ed., 1221, 73 S. Ct., 840, in which it was said:
“The question presented is whether, in a habeas corpus proceeding attacking the right of a mother to retain possession of her minor children, an Ohio court must give full faith and credit to a Wisconsin decree awarding custody of the children to their father when that decree is obtained by the father in an ex parte divorce action in a Wisconsin court which had no personal jurisdiction over the mother. For the reasons hereafter stated, our answer is no.”
In that case the service of summons on the wife was not personal, but the children were within the jurisdiction of the Wisconsin court while temporarily in the custody of the father there. In that controversy the subsequent Ohio action was for a writ of habeas corpus just as here, although the instant action is not so labeled; but this is unimportant.
Hence, assuming that the mother was properly notified of the California proceeding to modify the original decree, the courts of Ohio are nevertheless not required to recognize the modified decree since the mother and child were and are properly domiciled in Ohio. This left the Ohio courts free to determine the instant action on the basis of the child’s welfare, and the Court of Appeals said that “this court is of the opinion that this evidence shows that the best interests of this child would be sub-served by its remaining in Ohio with its mother. ’ ’
The plaintiff father relies on the decision of this court in *207 the ease of Van Divort v. Van Divort, 165 Ohio St., 141, 134 N. E. (2d), 715. However, an examination of that decision at once discloses that it involved no question of child custody or of recognition of a decree of a court of one state by a court of another.
Accordingly, the judgment of the Court of Appeals in fav- or of the defendant mother is affirmed.

Judgment affirmed.

Zimmermaít, S tew ART, Bell, Taet, Matthias and Herbert, JJ., concur.