FRANCES H. FREUND *v.* HENRY T. BURNS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 4—decided November 30, 1944.

*Sheldon B. Smith,* with whom was *Sanford H. E. Freund,* for the appellant (plaintiff).

*Morton Weiss,* with whom was *Seymour Morse,* of the New York bar, for the appellee (defendant).

MALTBIE, C. J.   The parties were formerly husband and wife.   Two children, girls, were born of the marriage and at the time of the trial they were respectively eleven and one-half and nine and one-half years old.   In 1938 the parties were divorced by a decree of the Supreme Court of New York, in which state they then resided.   The divorce judgment gave to each

party custody of the children for a portion of the year. Thereafter various proceedings were had in the New York courts with reference to this part of the decree, and it was modified in certain respects. The last modification was by a decree of the Appellate Division of the Supreme Court rendered June 28, 1942, on an appeal from an order made by the Supreme Court on the application of the plaintiff. The decree as modified contained these provisions: The defendant was awarded sole custody of the children; the plaintiff was given the right to have them at her residence during the last half of the Christmas and Easter [school] vacations, for one week-end each month during the school year and during the summer school vacation except for one week in July and one week in August, when they were to be with the defendant; and the plaintiff was given the right to see them at any time while they were with the defendant, in case of their illness or other emergency. The plaintiff remarried in 1941 and thereafter became and is a resident of Connecticut. She brought this action to the Superior Court in order to obtain a judgment which would give her sole custody of the children. They were produced in court at the time of trial. The court gave judgment for the defendant, holding, among other conclusions, that, as no material change in circumstances affecting the welfare of the children could be found, it was without jurisdiction to give the plaintiff relief. From that judgment the plaintiff has appealed.

The trial court states in the finding that the plaintiff, on the trial, conceded that such a material change of circumstances must be shown as a basis for the exercise of jurisdiction by it. This statement is assigned as error, but we do not read the plaintiff's brief as questioning its substantial correctness as a general rule. It is supported by the great weight of authority.

Notes, 20 A. L. R. 815, 72 A. L. R. 441, 116 A. L. R. 1299. There is considerable divergence in the opinions as to the reason upon which the rule rests. In our judgment the correct basis is this: An order in a divorce proceeding granting the custody of a minor child of the parties to one or the other determines a relative status; 2 Beale, Conflict of Laws, § 120.13; and a judgment having such a result is ordinarily within the constitutional provision that full faith and credit must be given in each state to the judicial proceedings of every other state. Const. U. S. Art. IV, § 1; *Morrill* v. *Morrill,* 83 Conn. 479, 492, 77 Atl. 1. That requires, however, that a state shall give to the judgment of the sister state only the force and effect to which it is entitled in the state where it was rendered. *Haddock* v. *Haddock,* 201 U. S. 562, 567, 26 Sup. Ct. 525. If the courts of that state have authority at their discretion to modify the decree at any time, even in the absence of a change in circumstances, the courts of another state have a like power. *Sistare* v. *Sistare,* 218 U. S. 1, 17, 30 Sup. Ct. 682. If the courts of the state where the decree was rendered can modify it only upon proof that the circumstances have materially changed after the making of the order, the courts of another state can act upon such proof; *Morrill* v. *Morrill,* supra; but unless there has been such a material change of circumstances they must give effect to the decree. *Ansorge* v. *Armour,* 267 N. Y. 492, 498, 196 N. E. 546; *Dixon* v. *Dixon,* 76 N. J. Eq. 364, 366, 74 Atl. 995; *Ex parte Peddicord,* 269 Mich. 142, 144, 256 N. W. 833; *State* v. *Black,* 239 Ala. 644, 647, 196 So. 713; *In re Leete,* 205 Mo. App. 225, 239, 223 S. W. 962.

The power of the courts of New York to modify an order concerning the custody of the children of the parties made in a divorce action is found in § 1170 of

the Civil Practice Act. 6 Gilbert-Bliss Civil Practice of New York, 1943 Sup., p. 101. That section provides that the court shall, in a decree for a divorce, give such directions as justice requires for the custody, care, education and maintenance of any children of the marriage, and, where the action is brought by the wife, for her support, and that the courts may, after final judg-. ment, "annul, vary or modify such directions." As far as material to the issues before us, this section has not been changed since 1895; 2 Stover, N. Y. Ann. Code of Civil Procedure (6th Ed.), p. 1858; and in so far as it involved an order for the support of the wife, its provisions were before us in *Sistare* v. *Sistare*, 80 Conn. 1, 66 Atl. 772, the case which, upon appeal to the Supreme Court of the United States, is above cited. We held that, even as to past due instalments the New York courts had so wide a discretionary control that we were not bound to give full faith and credit to a provision in a decree directing periodical payments for support of a divorced wife. The Supreme Court of the United States reversed that decision, holding that the plaintiff had acquired a vested right to receive past due instalments which she was entitled to enforce in our courts. See *Barber* v. *Barber*, 323 U. S. 77, 65 Sup. Ct. 137. The effect attributed to the section of the Civil Practice Act in question in that decision has since been confirmed by the New York Court of Appeals; *Harris* v. *Harris*, 259 N. Y. 334, 337, 182 N. E. 7; and we have recognized our duty to enforce such an order made by a court of that state in so far as past due instalments were concerned. *German* v. *German*, 122 Conn. 155, 188 Atl. 429.

We have found no decision of a New York court which directly holds that an order for the custody of children, made in a divorce action under the section of the Civil Practice Act in question, is subject to

modification only where there has been a material change of circumstances, although that is strongly suggested in *Matzke* v. *Matzke,* 185 App. Div. 533, 537, 173 N. Y. S. 244, *Kirby* v. *Kirby,* 246 App. Div. 532, 282 N. Y. S. 372, and *Gould* v. *Gould,* 261 App. Div. 904, 25 N. Y. S. (2d) 153; and it is difficult to see how the New York courts, in view of the construction placed upon the very words of the section involved in the issue before us as far as past due instalments of alimony were involved, could well hold otherwise when the order concerned the custody of children; nor do we think they would fail to heed the desirability that, as regards the situation existing at the time an order for the custody of children is made, the order should be conclusive, barring further inquiry unless new circumstances have arisen. *People* v. *Mercein,* 3 Hill (N. Y.) 399, 416; *Mercein* v. *People,* 25 Wend. (N. Y.) 64, 94, 99; 2 Freeman, Judgments (5th Ed.), §§ 712 (p. 1504), 829, 830; and see *Doris* v. *McFarland,* 113 Conn. 594, 604, 156 Atl. 52. Our conclusion is that the order for the custody of the children made by the New York court would be conclusive in the courts of that state unless there had been a material change of circumstances since it was made, and that the trial court was bound to give a like effect to it. In so far as *Dunham* v. *Dunham,* 97 Conn. 440, 443, 117 Atl. 504, states a contrary rule, it must be overruled.

Incidentally, we note that if we laid out of consideration the provision of the constitution and approached the question from the standpoint of common law, as a number of courts have done, we would reach the same conclusion. Apart from the constitutional provision, it is the duty of our courts to give effect to a properly rendered judgment of the courts of another state, and to regard as concluded any issues settled by

that judgment. *Willetts' Appeal,* 50 Conn. 330, 340; *Gildersleeve* v. *Gildersleeve,* 88 Conn. 689, 695, 92 Atl. 684. The judgment of the New York court decided the issue as to the person entitled to the custody of the children upon the facts then in existence; and the trial court would be entitled, on common-law principles, to make a different disposition of the matter only if it appeared that there had been a material change in circumstances. *White* v. *White,* 214 Ind. 405, 410, 15 N. E. (2d) 86; *People* v. *Schaedel,* 340 Ill. 560, 565, 173 N. E. 172; *Turner* v. *Turner,* 86 N. H. 463, 464, 169 Atl. 873; *Boone* v. *Boone,* 132 Fed. (2d) 14, 16; *Cook* v. *Cook,* 135 Fed. (2d) 945, 947; 3 Freeman, op. cit., § 1448; 2 Beale, op. cit., § 147.1. Whether there had been such a material change of circumstances would necessarily be for the determination of the trial court as an issue preliminary to its consideration of the question whether it should make an order as to the custody of the children. *People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317, 322, 39 N. E. (2d) 255; *In re Leu,* 240 Mich. 240, 247, 215 N. W. 384; *State ex rel. Larson* v. *Larson,* 190 Minn. 489, 495, 252 N. W. 329; see *Schaeffer* v. *Schaeffer,* 128 Conn. 628, 633, 25 Atl. (2d) 243.

The trial court has found the facts upon which it based its conclusion that there was no material change of circumstances affecting the welfare of the children which would enable it to grant relief to the plaintiff from the effect of the New York order. In the assignments of error she seeks many changes in and additions to the finding, but as these assignments are not even mentioned in her brief, we treat them as abandoned. *Eitingon* v. *Stamford,* 130 Conn. 418, 34 Atl. (2d) 878; Conn. App. Proc., § 165. Both parents love the children. There is nothing in the conditions under which they have lived in the de-

fendant's home in New York City which is not conducive to their welfare; and they have been happy there. On the other hand, the mother has the means to take every care of them; she lives in the country and can give them a fine home there where they can have all the advantages and pleasures of country life under the best conditions. But the court finds that all these circumstances were in existence when the decree was last modified, on June 29, 1942. The only material change in circumstances since that time is that the children at the trial expressed to the court a preference for living with their mother, and the younger gave as her reason that she would have a greater opportunity for amusement at her mother's home in the country than at her father's residence in New York City; but the court has also found that they told the defendant that their real desire was to live half the time with each parent; and it therefore considered that the statements made to it merely expressed the attitude of the children at the moment. The trial court could reasonably conclude, as it did "with some degree of reluctance," that there was no such change of circumstance as would permit it to grant relief to the plaintiff. We cannot accede to the plaintiff's claim that, in reaching its conclusion, the trial court regarded as the only element to be considered, or the controlling element, the fact that the defendant had not become an unfit person to have custody of the children.

The plaintiff claims that to give effect to a provision in a divorce decree rendered in another state which awarded the custody of the children of the parties would be contrary to the public policy of this state, because by our statute the father and mother of a legitimate minor are constituted joint guardians of the person of the child. General Statutes, § 4794. But that provision is qualified by the power given our

own courts, in actions between husband and wife, to make orders as to the custody of children of the marriage. General Statutes, § 5186. To recognize a direction in a judgment of divorce rendered in another state which determines the custody of the children in no way counters, but rather accords with, the public policy of this state.

We have decided this case upon the theory upon which it was tried and has been presented to us. The conclusions of the trial court justified its denial of relief to the plaintiff. The record suggests, however, several questions not raised by the parties. One of these we note. The finding that there had been no material change of circumstances would not go to the jurisdiction of the court to hear and determine the controversy; but, so far as the record shows, when this action was begun the children were in this state only on a temporary visit to their mother, under the permission given in the order of the New York court, and we are not to be understood as deciding whether under such circumstances the trial court had jurisdiction to render any judgment between the parties determining the right to their custody. See *State ex rel. Larson* v. *Larson,* supra, 491; Restatement, Conflict of Laws, §§ 32, 117.

There is no error.

In this opinion the other judges concurred.