Janice Cunningham *v.* Edward Cunningham et al.

Superior Court      Hartford County      File No. 130106J

Memorandum filed March 10, 1964

*Sidney L. Rosenblatt,* of Hartford, for the plaintiff.

*James N. Egan* and *Peter Nichols,* of Hartford, for the defendant.

COTTER, J. The question presented is whether or not this court should proceed with a divorce action which the defendant husband has been restrained and enjoined from prosecuting by an order of the District Court of the state of Nevada.

On May 24, 1962, Mrs. Cunningham brought an action for divorce against her husband in this court in Connecticut. He entered his appearance on June 7, 1962. On June 22, 1962, the Connecticut court ordered that custody pendente lite of the minor child be awarded to Mrs. Cunningham with reasonable visitation to the defendant and that he pay her $15 a week for the care, maintenance and support of the minor child and $150 as counsel fees. New counsel appeared for Mrs. Cunningham on May 1, 1963, and on May 24, 1963, at the request of Mrs. Cunningham's counsel, the orders were modified so that support for the minor child pendente lite was increased to $17.50 a week and the right of reasonable visitation was changed. On September

20, 1963, the defendant filed his answer and cross complaint. The matter was claimed for the uncontested list on September 13, 1963, and on January 22, 1964, new counsel appeared for Mrs. Cunningham. On June 25, 1963, counsel for the parties, at their request, agreed in writing as follows: ". . . the Plaintiff is permitted to leave the state for a period of two weeks with the minor child; and in turn, the Defendant will have this same privilege should he so desire during this summer vacation period." Thereafter, counsel for the plaintiff filed an answer to the cross complaint and the matter was set down on the contested divorce trial list and was assigned for trial approximately two weeks ago.

Mrs. Cunningham, in accordance with the agreement, left the state of Connecticut with her child and has not returned. On October 24, 1963, Mrs. Cunningham, who was evidently then residing in the state of Nevada, instituted suit for divorce against her husband in Nevada. On December 3, 1963, in accordance with instructions of counsel whom he had retained in Nevada, the defendant answered the complaint and counterclaimed against the plaintiff there. Thereafter, Mrs. Cunningham filed an affidavit with the Nevada court together with a motion asking that a temporary order and injunction issue prohibiting and restraining the defendant pendente lite from instituting any further proceeding and from all further appearances in the Connecticut case. This motion was granted ex parte based upon the affidavit of Mrs. Cunningham filed with the court. Mrs. Cunningham's counsel now seeks to "enforce restraining order" of the Nevada court. In support of this motion to enforce the restraining order issued by the Nevada court, plaintiff's counsel asks that the court "give full faith and credit to the Nevada Court restraining order dated

February 12, 1964 and that this court restrain and enjoin Edward Cunningham and his agents or attorneys from further proceedings in this Connecticut divorce action."

Usually, in matters involving foreign divorces, the question is one of full faith and credit if it concerns the decree of a sister state. *Williams* v. *North Carolina*, 317 U.S. 287; see *Williams* v. *North Carolina*, 325 U.S. 226; *Johnson* v. *Muelberger*, 340 U.S. 581 (wherein the decree is recognized and enforced by virtue of article 4, § 1, of the United States constitution, and this applies even though the recognition of the decree would offend the public policy of the local sovereign); *Nappe* v. *Nappe*, 20 N.J. 337. In the case of a foreign nation the question generally is one of comity. *Hilton* v. *Guyot*, 159 U.S. 113; *Adamsen* v. *Adamsen*, 151 Conn. 172, 178; see 27B C.J.S., Divorce, §§ 327-329. In the case where a decree has been entered, it would make no difference as to which case was brought first. The first divorce decree would be entitled to full faith and credit. *Atkins* v. *Atkins*, 386 Ill. 345, 358. So that, at this stage in the proceeding, the effect to be given to the injunction is of greater significance.

Connecticut, having first obtained jurisdiction of the parties and the res, should retain control in a proper case without interference from another tribunal except in unusual circumstances. *Harkin* v. *Brundage*, 276 U.S. 36; see 14 Am. Jur. 438, Courts, § 245. The injunction is only as to the parties and not the court. This court may proceed despite the injunction and render a valid decree. *Kleinschmidt* v. *Kleinschmidt*, 343 Ill. App. 539. While this court may in its discretion recognize the injunction as a matter of comity, the equities appear to be in favor of the defendant husband in this court. *Kahn* v. *Kahn*, 325 Ill. App. 137; see 17A Am. Jur., Divorce and Separation, § 1004. The equities of the situation

do not demand that this court relinquish its authority where there is no question of jurisdiction or of natural justice. *James* v. *Grand Trunk Western R. Co.*, 14 Ill. 2d 356; note, 74 A.L.R.2d 828. Even though an injunction may issue against a suit in another state or country for divorce or separation; *Rosenbaum* v. *Rosenbaum*, 309 N.Y. 371, annotated in 54 A.L.R.2d 1240; *Usen* v. *Usen*, 136 Me. 480, annotated in 128 A.L.R. 1467; a court is not compelled to observe such a decree. In such cases, the injunction issues to preserve the rights of the parties and enables the court to do justice. Certainly, there is no greater equity in proceeding in Nevada rather than in Connecticut in this action. The Nevada injunction was granted ex parte merely upon the affidavit of the wife, and the hardship upon the husband is as great as that upon the wife.

Edward Cunningham is a young man who works at two jobs in an effort to pay his obligations and pay for support of himself and his wife. He is considerably in debt and has obligated himself in the amount of approximately $3500 to attorneys representing himself and his wife in the Connecticut and Nevada actions. If he is prevented from prosecuting his action in Connecticut, it will cause him unusual hardship and irreparable harm since he will be obligated to attorneys in Nevada and Connecticut and would be forced to litigate an action in Nevada, which is a long distance from his home in the state of Connecticut, at a cost to him not only of a great deal of money, which he does not have, but also of time taken from his employment and his only means of livelihood. The witnesses to his divorce action are in Connecticut, where he and his wife were born and lived up until the time she left Connecticut for Nevada. The cause of the action for the divorce arose in Connecticut, which is his domicil and was

the domicil of his wife and child before they left Connecticut. Defendant will be unduly oppressed, harassed and vexed unless he can proceed with the Connecticut action, to which he has cross-complained in good faith. He and his wife have invoked the jurisdiction of the Connecticut court and received the fruits thereof granted to them by the laws of Connecticut, and he has become obligated to accept and fulfil the orders of the Connecticut court which remain in effect. The order of the Nevada court was granted ex parte and upon an affidavit without a hearing or contest, and it would seem in the discretion of this court that equity and law decree that the court deny the motion of the plaintiff in this case to enjoin and restrain the defendant from proceeding in Connecticut. Full faith and credit does not apply to the matter at bar, and fair play, justice and equity rule out the principle of comity in a case of this nature.

To deny the defendant an opportunity to try this action fully in Connecticut would be tantamount to submitting to a race to obtain a final decree which would be entitled to full faith and credit everywhere and to relinquishing jurisdiction without sufficient cause in a court to which the parties first submitted and whose authority they both invoked at every stage of the litigation, including valid orders made at their request which are outstanding and in force.

The injunction was pendente lite given upon an affidavit ex parte without notice to the defendant, without hearing and without affording him a full and fair opportunity to contest the outcome. The plaintiff left Connecticut and proceeded to Nevada with the minor child in violation of her agreement, resulting in considerable hardship to the defendant. It would appear that the better practice in accord with the general rules would have been to abate the second action in Nevada or grant a "stay" of the

second action during the pendency of the first action in Connecticut, in the interests of justice. *Dunham v. Dunham*, 162 Ill. 589; note, 31 A.L.R.2d 442, 444; see 17 Am. Jur., Divorce and Separation, § 218. The court whose power is first invoked is the one in which the cause should be adjudicated. 14 Am. Jur., Courts, § 243. This would avoid any race for final valid jurisdiction.

The motion is denied.