## LAETITIA N. CORBIN *v.* HOWARD J. CORBIN

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 9491
AT STAMFORD

Memorandum filed January 23, 1967

*Nevas & Nevas,* of Westport, for the plaintiff.

*Maguire, Cole & Bentley,* of Stamford, for the defendant.

TEDESCO, J. The plaintiff obtained a divorce from the defendant in the courts of West Virginia on June 25, 1963. West Virginia was the matrimonial domicil of both parties. Prior to the decree, the parties had entered into an agreement providing

for custody, support for two minor children and alimony, the terms of which agreement were incorporated in and made part of the divorce decree. The parties agreed that the visitation privileges were agreed upon on the basis of the children's possible residence in five states, including Connecticut or West Virginia. Having taken into consideration the possible changes of residence of the wife and husband, however, the parties agreed: "This agreement shall be interpreted, construed and enforced in accordance with the laws of the State of West Virginia." It was further stated that the agreement "shall in all respects survive the decree of divorce and be forever binding and conclusive upon the husband and wife" and, also, that "modifications shall be made in writing with the same formality as this agreement."

The decree of the court was amended on December 14, 1964, concerning the reasonable visitation, and at that time the West Virginia court decreed that "this matter shall stand continued generally on the docket for further order of the court."

The plaintiff and the defendant appeared as "plaintiff and defendant" in both courts and shall be referred to similarly hereinafter.

On April 9, 1966, the plaintiff, now a resident of Connecticut, sought to modify the West Virginia decree as to support of the minor children, rights of visitation, and costs of her proceeding. In a petition to the West Virginia court, the defendant, in May, 1966, as an adjunct to the divorce decree issued by the West Virginia court, prayed that the court reaffirm its prior decree relating to alimony, support and visitation and also prayed that the court issue an injunction against the plaintiff restraining her from prosecuting her action in Connecticut. The plaintiff moved to dismiss the defend-

ant's petition in the West Virginia case on the ground that there was no jurisdiction over her person or the subject matter, but her motion was denied. The plaintiff thereafter filed an answer to the petition of the defendant, and the petition was tried on its merits for two days. The plaintiff appeared before the West Virginia court and testified therein. On November 30, 1966, as a consequence of the hearing and defendant's petition and less than two months ago, the West Virginia court confirmed its prior decree, with some minor exceptions, and enjoined the plaintiff from further prosecuting the Connecticut action. The plaintiff appealed from the action of the West Virginia court and is now actively prosecuting an appeal in the West Virginia courts. The defendant, by motion before this court, seeks that the matters herein be stayed because of the outstanding injunction issued by the West Virginia court.

In *Miller* v. *Miller,* 15 Conn. Sup. 20, 21, the court said that the power to restrain one of its citizens from prosecuting an action in another state "is one to be sparingly and reluctantly used in the exercise of sound judicial discretion; and then only . . . where the petitioner establishes good reason for the action." See *Metropolitan Life Ins. Co.* v. *Fuller,* 61 Conn. 252. This principle of law is one that is well established in almost all of the courts of the United States, and the court presumes that the courts of West Virginia were well aware of this principle of law when the injunction against the plaintiff was issued.

In *Freund* v. *Burns,* 131 Conn. 380, the court allowed a full hearing on the merits of the case and upheld the lower court in that there was no material change substantially affecting the welfare of the children. Generally, the court stated, "full

faith and credit must be given in each state to the judicial proceedings of every other state." Id., 383. And it was further stated (p. 385): "Apart from the constitutional provision, it is the [common-law] duty of our courts to give effect to a properly rendered judgment of the courts of another state, and to regard as concluded any issues settled by that judgment." The significance of the *Freund* case, as it pertains to the present case, is, however, that our Supreme Court said (p. 388): "[W]e are not to be understood as deciding whether under such circumstances the trial court had jurisdiction to render any judgment between the parties determining the right of . . . custody." So the *Freund* case does not stand for any rule of law concerning jurisdiction such as is the question in the present case.

It is noted by this court, as an aside, that the *Freund* case, supra, discusses the question of material changes of circumstances which would permit the Connecticut court to modify the decree of the New York court. It is also to be noted that the decree of the West Virginia court in the present case was issued on November 30, 1966, and that it would appear to this court that it would be difficult to prove a material change of circumstances, since the full hearing was held on the merits of the case only a short time ago.

On the face of *Cunningham* v. *Cunningham,* 25 Conn. Sup. 221, which was cited by both parties in their briefs, it may appear to be contrary to the interests of the defendant, but it is the perfect example of a situation where, had the facts of the instant case been applied to the law and logic of the *Cunningham* case, the court in the *Cunningham* case would have stayed the present proceedings. The plaintiff, Mrs. Corbin, initiated her divorce in

West Virginia, signed a lengthy agreement, obtained orders pursuant to a decree, accepted benefits of the West Virginia decree, and subsequently appeared before the court in person; and now, after moving to Connecticut, she attempts to change the terms of the West Virginia decree.

To apply the law of the *Cunningham* case, supra, not only did the West Virginia court have first jurisdiction but it had jurisdiction over both parties; it issued the only divorce decree in existence between the parties; the cause of action arose in West Virginia; it was the matrimonial domicil of the parties, both parties having invoked the jurisdiction of West Virginia and received the fruits thereof granted to them by the laws of West Virginia; the defendant has become obligated to accept and must fulfil the orders of the West Virginia court; the injunction of the West Virginia court was ordered after service was made upon the plaintiff and her attorney, and thereafter hearings as to the jurisdiction were held; subsequently a full hearing on the merits was had, with testimony being given by the plaintiff.

"Ordinarily this court would hesitate to restrain a nonresident, even though personally served . . . , from prosecuting any action in the State where he . . . resides. But in this case the plaintiff voluntarily invoked the jurisdiction of . . . [our] courts by commencing this action. He should not be permitted to nullify any judgment defendant may obtain on her counterclaim by now instituting and simultaneously maintaining another action in another State." *Bedient* v. *Bedient,* 190 Misc. 480, 481. The plaintiff in the instant case is presently appealing the action of the West Virginia court and is also suing in Connecticut, both cases appearing in the courts of both states at the same time. There-

fore, the plaintiff is seeking affirmative relief from courts of two states simultaneously.

The American Law Institute Restatement of Conflicts of Laws § 96 generally recognizes that a state may exercise, through its courts, jurisdiction to forbid a party, who is subject to its jurisdiction, to do an act in another state.

The powers of courts of equity to enjoin prosecution of a divorce suit in another jurisdiction presuppose personal service within the jurisdiction of the court. In the instant case, the plaintiff was subject to the continuing jurisdiction of the West Virginia court and was served personally in Connecticut, and her attorney was served; moreover, plaintiff personally appeared before the West Virginia courts.

An annotation in 54 A.L.R.2d 1256 states: "It is undisputed that an injunction against a divorce action in a foreign jurisdiction may be obtained by a motion in a matrimonial action . . . for separation or for divorce." The doubts arise where an independent action for an injunction is sought. At 54 A.L.R.2d 1251, it is pointed out that even though the spouse sought to be enjoined might have acquired a bona fide domicil in the foreign jurisdiction, injunctive relief has been granted as incident to a marital action commenced by one of the spouses in the forum prior to the foreign divorce action. Just as the question of domicil was decided in *Davis* v. *Davis,* 305 U.S. 32, the question of custody, alimony and support was decided in West Virginia in the instant case. In the *Davis* case, the court decreed that a divorce decree of a sister state based on the finding of domicil made after an actual contest and litigation of that issue is entitled to full faith and credit. In the present case, the question of custody, alimony and support was agreed upon and thereafter decided finally by the West Virginia court,

and therefore the West Virginia decree should be given full faith and credit. Note, 54 A.L.R.2d 1251.

In *Star* v. *Star,* 127 N.Y.S.2d 481, the defendant husband, after being served in Florida, was restrained by a New York court from proceeding with a Florida divorce for the reason that "in his papers he has directly attacked the merits of the [plaintiff wife's] cause of action for separation" in New York. In *Immerman* v. *Immerman,* 134 N.Y.S.2d 296, the husband and wife were residents of New York, with the husband commencing an action for separation. The wife counterclaimed and obtained an order for alimony and counsel fees. Later, she started a suit in California to obtain custody of the child. An injunction was issued by the New York court enjoining the institution of any matrimonial action. Id., 298. This court cites this case for the proposition that an injunction might issue not only to prevent institution of divorce actions but also to prevent requests for incidents of divorce actions such as custody, alimony or support.

In *Immerman* v. *Immerman,* supra, the court said (p. 298): "The power of this court to enjoin the prosecution of an action in another state to protect the jurisdiction over the defendant already acquired by it is not open to question. . . . The matrimonial domicil of these parties has always been in New York and, as stated, the defendant not alone submitted herself to the court's jurisdiction but enlisted its aid and availed herself of its process to secure alimony and counsel fee. Having thus become an actor in this litigation, she is not free now to flout this court. It is axiomatic that when a cause is once in a court which has jurisdiction of the subject matter and the parties, that court will retain jurisdiction to the exclusion of other courts. A party

may not at will impose on his adversary the hardship of contesting the same issue in two jurisdictions."

In the instant case, it is conceivable that the defendant could have had two orders pending against him within a simultaneous period, had the Connecticut court acted on the plaintiff's motion for support and custody filed November 25, 1966. It is to be noted that the West Virginia decree was reaffirmed November 30, 1966.

In *James* v. *Grand Trunk Western R. Co.*, 14 Ill. 2d 356, 368, it is stated: "There is no quarrel with the basic principle that the court has a duty, as well as power, to protect its jurisdiction over a controversy in order to decree complete and final justice between the parties and may issue an injunction for that purpose, restraining proceedings in other courts."

In the interests of equity, fair play and justice, this court grants the motion to stay proceedings in Connecticut until further order of this court.