MARGUERITE L. NOWELL *v.* AMES NOWELL

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued December 3, 1968—decided January 28, 1969

472

*William C. Strong* and *John J. Sullivan,* for the appellant (defendant).

*Edgar W. Bassick III,* with whom was *Dion W. Moore,* for the appellee (plaintiff).

Thim, J.   The plaintiff and the defendant were married in Maryland in April, 1957, and they resided in New York until January, 1960.   Thereafter, the parties moved to Darien, Connecticut, where they occupied a house which was purchased in their joint names.   They have no children of their marriage, and, in November, 1962, the husband deserted his wife.

The wife commenced an action for divorce in December, 1962, and the court ordered the husband to pay his wife $1650 monthly as alimony pendente lite and to assume financial responsibility for various household expenses.   The writ, summons and complaint were personally served upon the husband in Connecticut, and a firm of attorneys entered a general appearance on his behalf.   Subsequently, the wife amended her complaint to request a legal separation, support and equitable relief.   After the issues were joined, the case was referred to a referee to hear the evidence and to report to the court.   The wife's action for legal separation and support was pending before the referee from February, 1964, to December, 1965.

While the wife's action was before the referee, the husband established his residence and domicil in

Texas. In March, 1965, he filed a summons and complaint seeking a divorce in the Domestic Relations Court of Dallas County in Texas. On September 7, 1965, the wife was personally served in Connecticut with process in the divorce action which had been instituted by her husband in Texas. Shortly thereafter, the Domestic Relations Court in Texas issued an ex parte injunction temporarily restraining the wife from taking any action in her Connecticut case which might interfere with the husband's divorce action, which was then pending in Texas. On the same day that the wife was served with notice of the Texas antisuit injunction, the Connecticut Superior Court, pursuant to § 52-473 of the General Statutes, issued an ex parte injunction restraining the husband from prosecuting his Texas divorce action pending the disposition of the Connecticut action. A copy of the Connecticut injunction was served upon the husband's Connecticut counsel.

Despite the pendency of her action in Connecticut, the wife decided to appear and contest her husband's divorce action in Texas. On September 24, 1965, she filed a sworn motion in the Domestic Relations Court in Texas challenging the jurisdiction of that court on the grounds that neither party was a resident of Texas, that Texas had no jurisdiction of the subject matter, that there was a prior action for a legal separation and support pending in Connecticut and that her husband had been enjoined by the Connecticut court from proceeding with the Texas action. The Texas court overruled the wife's motion challenging the court's jurisdiction, and the divorce case proceeded to trial before a court and a jury. The jury returned a verdict for the husband, and judgment was rendered on December 22, 1965. The wife was adjudged guilty of "excesses, cruel treat-

ment or outrages" which rendered the further living together of the parties insupportable. The Texas judgment dissolved the marriage and restored the parties to the status of single persons. A prenuptial agreement which had been executed by the parties was incorporated into the judgment, and unsettled issues relating to that agreement were resolved by the judgment itself. The judgment of divorce further ordered the husband to pay his wife's counsel fees in the sum of $6000 and recited that any relief not expressly granted to either of the parties was expressly denied.

The wife appealed from the judgment to the Texas Court of Civil Appeals (5th District), which affirmed the judgment of the lower court in October, 1966. *Nowell* v. *Nowell*, 408 S.W.2d 550 (Tex. Civ. App.). Thereafter, the wife filed with the Supreme Court of Texas an application for a writ of error to review the affirmance by the court of appeals. This application was denied in February, 1967. In May, 1967, the wife filed with the United States Supreme Court a petition for a writ of certiorari to reverse the decision of the Texas Court of Civil Appeals. The petition was denied on October 9, 1967. *Nowell* v. *Nowell*, 389 U.S. 847, 88 S. Ct. 53, 19 L. Ed. 2d 118.

Shortly after the entry of the Texas judgment of divorce, the husband, hereinafter referred to as the defendant, submitted to the Connecticut Superior Court on January 11, 1966, an exemplified copy of the Texas judgment. At that time, the defendant moved that the Connecticut court recognize the Texas judgment and dismiss the wife's action for separation and support on the ground that the judgment was res judicata of the issues and a bar to her action. The defendant has repeatedly made this claim at subsequent stages in the proceedings.

The trial court refused to recognize the Texas judgment of divorce and permitted the wife, hereinafter referred to as the plaintiff, to proceed with the prosecution of her action. On April 22, 1966, the court accepted the referee's report and rendered judgment in favor of the plaintiff, granting her a legal separation, permanent support of $1650 monthly and counsel fees of $24,000. The court also ordered the house in Darien to be sold and the proceeds divided equally between the parties or that the defendant pay the plaintiff her equity in an undivided one-half interest in the property. Moreover, the defendant was ordered to pay the taxes, mortgage interest, insurance and major repairs until the house was sold.

The defendant has taken the present appeal from this judgment, and the trial court ordered him to pay the plaintiff temporary support of $1650 monthly pending the appeal and $6000 for her counsel fees to defend the appeal.

## I

The defendant claims that the trial court committed error by rendering a judgment for legal separation and support on the ground that it was rendered in violation of the full faith and credit clause of the United States constitution. We do not agree with this claim for reasons hereinafter stated.

The full faith and credit clause of the United States constitution and the statute which implements it (28 U.S.C. § 1738) require that the judgments of the courts of each state shall be given the same faith, credit and effect in sister states as they have by law, custom or usage in the courts of the state rendering them. *Aldrich* v. *Aldrich*, 378 U.S. 540, 543, 84 S. Ct. 1687, 12 L. Ed. 2d 1020; *Johnson* v. *Muelberger*, 340

U.S. 581, 587, 71 S. Ct. 474, 95 L. Ed. 552; *Coe* v. *Coe,* 334 U.S. 378, 384, 68 S. Ct. 1094, 92 L. Ed. 1451; *New York ex rel. Halvey* v. *Halvey,* 330 U.S. 610, 614, 67 S. Ct. 903, 91 L. Ed. 1133; *Milwaukee County* v. *M. E. White Co.,* 296 U.S. 268, 273, 56 S. Ct. 229, 80 L. Ed. 220; *Koster* v. *Koster,* 137 Conn. 707, 710, 81 A.2d 355; *Freund* v. *Burns,* 131 Conn. 380, 383, 40 A.2d 754.

The plaintiff, accompanied by her attorney, appeared in the Texas court, objected to the court's jurisdiction and contested the defendant's action for a divorce on the merits. Under Texas law, once such a judgment has become final it would conclude all questions relating to the divorce and to the court's jurisdiction, and the plaintiff could not collaterally attack the judgment. *Davis* v. *First National Bank of Waco,* 139 Tex. 36, 41, 161 S.W.2d 467; *Pavlas* v. *Pavlas,* 428 S.W.2d 880, 881 (Tex. Civ. App.); *Goldberg* v. *Goldberg,* 425 S.W.2d 830, 831 (Tex. Civ. App.); 34 Tex. Jur. 2d, Judgments, § 450.

The existence of the Connecticut antisuit injunction forbidding the defendant from prosecuting his Texas divorce did not relieve the Connecticut court of the duty to accord full faith and credit to the Texas judgment in January, 1966. This injunction was directed to the person of the defendant, and it had no effect on the jurisdiction of the Texas court. *Cunningham* v. *Cunningham,* 25 Conn. Sup. 221, 224, 200 A.2d 734; 24 Am. Jur. 2d, Divorce and Separation, § 1010; 43 C.J.S., Injunctions, § 51. Connecticut must recognize the Texas judgment under the mandate of full faith and credit despite the fact that it was obtained in defiance of a Connecticut antisuit injunction. *Rapoport* v. *Rapoport,* 273 F. Sup. 482 (D. Nev.); *Zieper* v. *Zieper,* 14 N.J. 551, 103 A.2d 366; *Commonwealth ex rel. Messing* v. *Mes-*

*sing,* 195 Pa. Super. 334, 335, 171 A.2d 893; *Dominick* v. *Dominick,* 26 Misc. 2d 344, 347, 205 N.Y.S.2d 503; *Kleinschmidt* v. *Kleinschmidt,* 343 Ill. App. 539, 99 N.E.2d 623.

Since we have decided that the Connecticut court should have recognized the Texas judgment of divorce, the question arises what was .the effect which should have been given to that judgment. The Texas judgment of divorce was appealed by the plaintiff to the Texas Court of Civil Appeals, the Texas Supreme Court and the United States Supreme Court. Connecticut must look to the Texas law to determine when a Texas judgment which has been appealed is considered final and entitled to res judicata effect and when it can be pleaded as a bar to another action involving the same parties and subject matter. *Bank of North America* v. *Wheeler,* 28 Conn. 433, 440, 441.

Our examination of the Texas law reveals that a Texas judgment cannot be pleaded defensively as a bar to another action involving the same parties and subject matter so long as there is an appeal pending. A Texas judgment which is pending appeal lacks the finality of character which is necessary to constitute a bar to another suit and have res judicata effect. Such a judgment cannot be introduced into evidence in support of a right or of a defense declared by it. A Texas judgment which is pending appeal is not conclusive of the rights of the parties. *Texas Trunk Ry. Co.* v. *Jackson Bros.,* 85 Tex. 605, 608, 22 S.W. 1030; *Houston Oil Co.* v. *McCarthy,* 245 S.W. 651, 653 (Tex. Comm. App.); *Fidelity Union Casualty Co.* v. *Hanson,* 44 S.W.2d 985, 987 (Tex. Comm. App.); *Sabine Pilots Assn.* v. *Lykes Bros. Steamship, Inc.,* 346 S.W.2d 166, 169 (Tex. Civ. App.); *State Life Ins. Co.* v.

*Wilson,* 57 S.W.2d 355, 357 (Tex. Civ. App.) ; *United North & South Oil Co.* v. *Meredith,* 258 S.W. 550, 554 (Tex. Civ. App.) ; note, 9 A.L.R.2d 984, 995 (discussing Texas cases) ; 34 Tex. Jur. 2d, Judgments, § 472.

A Texas judgment which is pending appeal should not be given effect in another state because such a judgment is not final under Texas law. *Chapman* v. *John St. John Drilling Co.,* 73 N.M. 261, 266, 387 P.2d 462; *Van Natta* v. *Van Natta,* 200 S.W. 907, 908 (Tex. Civ. App.) ; see *Ray* v. *Hasley,* 214 F.2d 366, 368 (5th Cir.). Once the judgment of a Texas court has been upheld and the pendency of the case has ceased, the judgment then becomes final, and it can thereafter be pleaded as a bar to terminate another action. *Cook* v. *Burnley,* 45 Tex. 97, 113, 114; 34 Tex. Jur. 2d, Judgments, § 472.

Applying these principles to the facts of the instant case, we conclude that since the judgment of divorce was pending appeal until the United States Supreme Court denied certiorari on October 9, 1967, under Texas law it could not be pleaded in bar to terminate an action for separation and support. Therefore, the Connecticut court properly allowed the plaintiff to proceed with the prosecution of her separation and support action and properly rendered judgment for her in April, 1966, because this was prior to the time that the Texas judgment of divorce was affirmed on appeal.

The trial court was presented with two alternatives when the defendant's counsel produced an exemplified copy of the Texas judgment from which an appeal had been taken. One alternative was to continue the plaintiff's action with orders for temporary support and counsel fees until the Texas judgment became final. *Houghton* v. *Superior*

*Court,* 187 Cal. 661, 666, 203 P. 765; *Brown* v. *Campbell,* 100 Cal. 635, 647, 35 P. 433; *Robinson* v. *El Centro Grain Co.,* 133 Cal. App. 567, 573, 24 P.2d 554. By following this approach the court would have avoided the possibility of inconsistent judgments being rendered in different states. Note, "Developments in the Law—Res Judicata," 65 Harv. L. Rev. 818, 836.

The second alternative was to permit the plaintiff's action to proceed to judgment. When the Texas judgment eventually became final and if it was upheld on appeal, the defendant could thereafter make a motion to vacate the Connecticut judgment for separation and support. The trial court followed this second approach, and we do not consider it to be error.

Under Connecticut law, a foreign judgment of divorce has the effect of terminating a husband's duty to comply with Connecticut support orders provided that both parties participated in the proceedings and the judgment has become final in the state of rendition. *Yates* v. *Yates,* 155 Conn. 544, 547, 235 A.2d 656; *Smith* v. *Smith,* 151 Conn. 292, 298, 197 A.2d 65; *Smith* v. *Smith,* 150 Conn. 15, 23, 183 A.2d 848; *Schaeffer* v. *Schaeffer,* 128 Conn. 628, 635, 25 A.2d 243; see *Lynn* v. *Lynn,* 302 N.Y. 193, 203, 97 N.E.2d 748. This termination of the husband's duty to comply with the Connecticut support order would accord with Texas law because in Texas a husband cannot be ordered to support his former wife after a divorce has become final even though the husband may have been the offending party. Tex. Rev. Civ. Stat. Ann., arts. 4637, 4638; *Francis* v. *Francis,* 412 S.W.2d 29, 32 (Tex.); *Cunningham* v. *Cunningham,* 120 Tex. 491, 40 S.W.2d 46; *Martin* v. *Martin,* 17 S.W.2d 789, 791 (Tex. Comm. App.);

*Bond* v. *Bond*, 41 Tex. Civ. App. 129, 130, 90 S.W. 1128; *Boyd* v. *Boyd*, 22 Tex. Civ. App. 200, 202, 54 S.W. 380; *Pape* v. *Pape*, 13 Tex. Civ. App. 99, 35 S.W. 479; 20 Tex. Jur. 2d, Divorce and Separation, § 289. Furthermore, under Texas law a husband is not obligated to transfer any property to his divorced wife which had not been made a part of the equitable division of their property as set forth in the final judgment. *Graham* v. *Graham*, 331 S.W.2d 499, 502 (Tex. Civ. App.). Hence, under both Connecticut law and Texas law, the Connecticut judgment of separation and support became unenforceable once the Texas judgment of divorce had become final.

The defendant cites the cases of *Hart* v. *Mills*, 38 Tex. 513, 516, and *Texas Trunk Ry. Co.* v. *Jackson*, 85 Tex. 605, 607, 22 S.W. 1030, as requiring the termination of the Connecticut action in January, 1966, right after the entry of the Texas judgment. These two cases stand for the proposition that a judgment which has been affirmed on appeal is entitled to all the benefits which would have resulted from it just as if there had been no appeal. We do not, however, interpret these cases as requiring the termination of monthly support payments ordered by the Connecticut court as of the date that the Texas judgment was rendered in December, 1965. Article 4637 of the Revised Civil Statutes of Texas permits a trial court to order temporary support for a wife until a divorce case becomes final. This statute has been interpreted to permit temporary support pending the appeal of a judgment of divorce. *Ex parte Scott*, 133 Tex. 1, 8, 123 S.W.2d 306; *Ex parte Lohmuller*, 103 Tex. 474, 476, 129 S.W. 834, 835; *Williams* v. *Williams*, 125 S.W. 937, 940 (Tex. Civ. App.). Moreover, the Supreme Court of Texas

has held that an appeal from a divorce operates to suspend the entire judgment of the district court until an appellate court delivers a final judgment thereon. *Ex Parte Hodges,* 130 Tex. 280, 283, 109 S.W.2d 964. We believe that these authorities dispel any validity to the defendant's claim that the Connecticut support orders should have terminated as of the date that the judgment of divorce was rendered in December, 1965.

The application of these principles to the instant case leads to the following result. The lower court did not commit error by rendering a judgment for a legal separation and support because at that time (April, 1966) the Texas judgment of divorce was pending appeal and was not final under Texas law. The Texas judgment became final on October 9, 1967, when the United States Supreme Court denied certiorari, and at that time the Texas judgment had the effect of terminating the defendant's duty to comply with the Connecticut judgment of support. All Connecticut support orders survived the Texas decree until October 9, 1967, at which time the Texas judgment became final under Texas law. *Smith* v. *Smith,* 151 Conn. 292, 298, 197 A.2d 65. The result we have reached is just and equitable because the plaintiff was not receiving temporary support pendente lite or pending the appeal from the Texas judgment by order of the Texas court.

## II

The defendant claims that the trial court committed reversible error by overruling his plea in abatement which was predicated on a claimed failure to return the writ to the court at least six days before the return day in violation of § 52-47 of the General Statutes. There is, however, no merit to

this claim because by requesting affirmative relief in the form of a counterclaim for divorce the defendant submitted himself to the court's jurisdiction and waived his right to assert any defect previously raised by a plea in abatement. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.*, 104 Conn. 206, 214, 132 A. 390; Stephenson, Conn. Civil Proc. § 80, p. 164.

## III

Before final judgment was rendered, the defendant was adjudged in contempt of court for violating two preliminary injunctions, one restraining him from proceeding with his divorce in Texas and the other forbidding him from transferring or encumbering his trust assets. In both instances, the penalty was held in abeyance, and the record does not disclose that the defendant has been punished in any way.

The defendant's conduct amounted to civil contempt. His contemptuous conduct violated the plaintiff's civil rights, which were conferred by the preliminary injunctions issued for her benefit. In the case of civil contempt, punishment should be civil in nature and imposed at the request of the offended party. *State* v. *Jackson,* 147 Conn. 167, 169, 158 A.2d 166; *Welch* v. *Barber,* 52 Conn. 147, 156.

These injunctions were interlocutory in character, and they became inoperative and terminated with the rendition of the final judgment. *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815. In a divorce or separation action, a husband cannot be punished for his civil contempt arising from noncompliance with preliminary injunctions after a final judgment has been rendered unless the final judgment itself awards damages for the civil contempt.

See *Richardson* v. *Richardson,* 218 Minn. 42, 45, 15 N.W.2d 127.

The defendant cannot be punished for violating these preliminary injunctions because final judgment has been rendered with no provision in that judgment for damages arising from the civil contempt. It is therefore unnecessary to discuss the claims of error directed to the injunctions and the adjudications of contempt because the issues have become academic. *Congress & Daggett, Inc.* v. *Seamless Rubber Co.,* 145 Conn. 318, 323, 142 A.2d 137; *Eastern Electric Construction Co.* v. *Morrissey,* 142 Conn. 742, 743, 115 A.2d 427.

## IV

The court did not commit error by denying the defendant's motion for permission to file a counterclaim for a divorce. The court denied the motion on the ground that granting the motion would unduly delay the hearing before the referee. The record does not support the defendant's claim that the trial court abused its discretion by denying the defendant permission to file a counterclaim for a divorce. *Cook* v. *Lawlor,* 139 Conn. 68, 70–73, 90 A.2d 164.

## V

The defendant claims that the court committed error in failing to return the report to the referee for correction, in accepting the report and the amended report and in granting judgment thereon. We disagree with these claims. From our review of the reports, we are satisfied that the subordinate facts found by the referee support both his conclusion that the plaintiff was entitled to a legal separation and his recommendations for monthly support and counsel fees.

## VI

Finally, the defendant claims that the court committed error by denying his motion to open and vacate the judgment. The basis of this claim is that the trial judge who rendered judgment on the report was not the same trial judge who heard and ruled on the defendant's exceptions and objections to the report. The defendant did not raise any objection at the time that judgment was rendered. Moreover, the defendant was not harmed in any way because the trial judge who rendered judgment on the report did not disturb any rulings which had been made concerning the defendant's exceptions and objections to the report.

We shall not discuss any of the other claims of error assigned by the defendant because they have not been pursued in his brief and are thus treated as abandoned. *Sherman-Colonial Realty Corporation* v. *Goldsmith,* 155 Conn. 175, 183, 230 A.2d 568; *State* v. *Benson,* 153 Conn. 209, 212, 214 A.2d 903; *Adamsen* v. *Adamsen,* 151 Conn. 172, 173, 195 A.2d 418.

## VII

In summation, we conclude that the judgment of the trial court is free from harmful error. Because, however, of the affirmance of the Texas judgment which occurred after the rendition of the Connecticut judgment, the Connecticut judgment must be vacated.

The defendant must pay any arrearages which are due under the court order granting alimony pendente lite. The defendant must comply with all the requirements of the judgment until October 9, 1967. He must pay support of $1650 monthly until Octo-

ber 9, 1967, and he must also pay the plaintiff's counsel fees of $24,000. Moreover, the defendant must pay the plaintiff's counsel fees of $6000 to defend this appeal since they had been ordered before the Texas judgment became final. In the event that the house in Darien has not yet been sold, we direct that its disposition should be governed by the terms of the Texas judgment.

The judgment for a legal separation and support should be vacated as of October 9, 1967, and the total amount of support and counsel fees which is owed by the defendant should be set forth in the judgment vacating the judgment of April, 1966.

There is no error, but the case must be and is remanded for further proceedings in accordance with the judgment and this opinion.

In this opinion the other judges concurred.