## STEFAN DOKTOR v. MARIE P. DOKTOR

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 152235J

Memorandum filed September 11, 1969

*Trantolo, Lach & Krawiecki,* and *Levine & Katz,* both of Hartford, for the plaintiff.

*Cole & Cole,* of Hartford, for the defendant.

PARSKEY, J. In July, 1967, the plaintiff instituted the present action for divorce. In November, 1967, the defendant filed a cross complaint for divorce. In his answer, erroneously designated "Reply," the plaintiff set up a special defense alleging a Nevada

divorce judgment entered April 15, 1968. The defendant has moved that the plaintiff's complaint be erased from the docket, claiming that owing to the dissolution of the marriage as a result of the Nevada decree this court lacks jurisdiction to hear the complaint.

A divorce action is an action in rem. It deals with the status of marriage. A valid divorce judgment is a judgment in rem. It creates the status of being unmarried. A court cannot competently enter a judgment affecting a res when the res no longer exists. Thus the existence of the marital status is an essential prerequisite for a judgment in rem. Where, during the pendency of a divorce action in one state, a valid divorce decree is procured in another state, that decree can be pleaded as a bar to terminate the pending action. *Nowell* v. *Nowell,* 157 Conn. 470, 478. Whether it will act as a bar, however, depends on the validity of that decree, and this, in turn, depends on the jurisdiction of the court entering it. In this case, the validity of the Nevada decree is in dispute. Until the subordinate issues are tried, this court cannot determine whether it is still seized of the marital res. Under these circumstances, there is no present basis on which the court can grant the present motion.

Accordingly, the defendant's motion to erase is denied.