**Dorothea SEABROOK, Appellant,**

**v.**

**Belford L. SEABROOK, Appellee.**

**No. 5078.**

District of Columbia Court of Appeals.

Argued March 3, 1970.

Decided April 20, 1970.

6. D.C.Code 1967, § 36–407(c); Gemsco, Inc. v. Walling, 324 U.S. 244, 256, 65 S.Ct. 605 (1945).

Rufus King, Washington, D. C., for appellant.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro, Washington, D. C., was on the brief, for appellee.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

KERN, Associate Judge.

This is an appeal from a judgment granting appellee-husband a divorce on the ground of voluntary separation of the parties for one year, D.C.Code 1967, § 16–904(a); awarding appellant $300 per month alimony and attorney's fees in the amount of $1,750; and directing appellant to transfer to appellee two pieces of realty jointly held by them in New Jersey and an

insurance policy upon his life, provided that he reimburse her for the real estate taxes and premiums she had expended on them from her own funds.

Appellant asserts that the trial court lacked jurisdiction over the parties, and failed to give proper weight to judgments rendered in two previous actions between the parties in New Jersey; there was insufficient evidence to support the trial court's conclusion that the separation had been voluntary; and the amount of the award of alimony and counsel fees was so low as to constitute an abuse of discretion by the trial court.

The facts are somewhat involved but may be summarized as follows. Appellant, who had been married before, and appellee, a widower, were married in 1960 when both were in their mid-fifties. In 1962, appellee became a foreign service officer and was assigned to the Agency for International Development for duty in Thailand. The parties lived there together until 1965 when, on their return from home leave, appellant was not permitted by the State Department to accompany appellee on another tour of duty in Thailand. Apparently, difficulties had arisen between them and in February 1966, appellee, from Thailand, wrote appellant, in New Jersey, stating that the marriage should not continue and suggesting a divorce. She refused and he took leave from his post in December 1966 and commenced an action for divorce in Mexico. Appellant then brought action for support and maintenance in New Jersey and obtained service on him in New Jersey.

The New Jersey Superior Court heard testimony from the parties and entered an order in May 1967 holding that appellee had left appellant without justification and requiring him to pay her $92 support per week. The order also enjoined appellee from prosecuting the divorce action in Mexico and in any "place other than New Jersey, unless [he] *acquires such domicile in some other place* as gives the courts of that place the right to entertain such action and is recognizable by the courts of this State." (Emphasis added). Appellee does not dispute the validity of this order and concedes that their separation in 1967 was the result of his desertion.

In late June or early July of 1967, appellee accepted permanent assignment with the State Department in the District of Columbia. He executed a three-year lease on an apartment in the District, obtained a D.C. driver's license, commenced paying D.C. income taxes, filed official forms with the State Department showing his new permanent residence to be Washington, wrote New Jersey requesting that his name be removed from the voter's rolls, and registered and thereafter voted in the District in the school board and the presidential elections.

On July 18, 1968, appellee initiated the instant divorce action. Appellant was served with the summons in New Jersey and filed an answer on August 13, 1968. From that time until the present, she has fully participated in the instant proceedings. However, between the time that she received appellee's complaint and summons and filed her answer, appellant instituted an action [1] against appellee in New Jersey seeking to enjoin him from proceeding with his divorce action in our courts.

In the New Jersey action, he was personally served in the District of Columbia, but *not* in New Jersey. Upon appellee's failure to appear, the New Jersey court entered an order on August 21st, enjoining the prosecution of the divorce action in the General Sessions Court and then issued a further order on November 25th, enlarging the injunction to include appellee's attorneys, and finding appellee in contempt. The order also stated that any decree entered in the District of Columbia would have no force and effect in New Jersey.

---

1. The record indicates that this was not a continuation of the 1967 action, but a separate, new suit.

Thereafter, appellee moved to vacate that order and filed a notice of appeal from it upon the ground that the New Jersey court had never had jurisdiction over him since he was never served in New Jersey.

The General Sessions Court, after hearing testimony from both parties and considering the evidence submitted at the trial in January 1969, found that appellee had become a resident of the District of Columbia on July 5, 1967, and therefore was no longer a domiciliary of New Jersey when appellant brought her own action in New Jersey in August 1968. The court concluded that since appellee had not been personally served in New Jersey, its order of November 1968 was void for want of jurisdiction over appellee.

The trial court further found that after May 1967 appellant had made no effort to get in touch with appellee and failed to manifest a desire to resume their marriage relationship. The court therefore concluded that the separation of the parties had been voluntary for more than one year.

■ Appellant vigorously contends that their separation is not voluntary since she has never affirmatively consented to or silently acquiesced in it and stands ready to resume their marital relationship. The difficulty with her argument is that she must have "in good faith *manifest[ed]* a real desire to continue the marriage status." Henderson v. Henderson, D.C.App., 206 A.2d 267, 269 (1965) (emphasis in original). There is substantial support in the record for the trial court's finding that appellant "has never made any effort to get in touch with the [appellee] nor has she *manifested* any desire to resume the marriage relationship with him." (Emphasis supplied.)

■ Appellant urges that she could not have done more than she did because (a) appellee's "Dear John" letter to her from Thailand in February 1966, together with his hostile attitude toward her at their meetings in connection with their New Jer-

sey litigation, led her to believe that reconciliation was hopeless; (b) she did not know appellee's whereabouts after he left Thailand until he commenced litigation in the District of Columbia so that she was unable to contact him; and (c) she *believed* that appellee was living with another woman, so that any effort on her part to reconcile would have been futile. *See* Butler v. Butler, D.C.App., 239 A.2d 616 (1968). *Butler* is distinguishable from the instant case since there the husband had obtained a Mexican divorce from the wife and *entered into a formal marriage* with someone else. The court under those circumstances quite properly recognized that the first wife could not be required to attempt to reconcile with her husband. Here, appellant harbored no belief that appellee had contracted a second marriage. She had heard rumors that he was living with someone else (which he stoutly denied at trial). A spouse who seeks to show that she wanted her marriage to continue cannot excuse her lack of action on the belief, on the basis of *rumors*, that a meretricious relationship existed between her husband and another woman.

■ As to appellant's alleged lack of knowledge on how to contact appellee, our review of the record reveals ample evidence that, had she had the will, communication with appellee was possible. Finally, with respect to appellant's argument that she was not obliged to do more than harbor an intention to reconcile because appellee's attitude to her was hostile, we are of opinion that one who entertains a serious intention to resume a marriage must communicate that intention to the other spouse, even at the risk of his or her refusal. *See* Henderson v. Henderson, *supra.*

■■ Appellant challenges the jurisdiction of the trial court on the ground that appellee was a domiciliary of New Jersey who brought an action for divorce in this jurisdiction while on temporary duty here. Whatever motive appellee may have had in abandoning his former domicile in New Jersey, we find substantial evidence in the

record to support the trial court's finding that he intended to and did take up residence in Washington. Since appellee met the residency requirements of our statute and appellant submitted to the jurisdiction of our trial court, it could entertain and determine his action for divorce.

■ Appellant urges that the New Jersey court in May 1967 had already resolved the issues raised by appellant's suit for divorce which our trial court heard in January 1969. However, the May 1967 New Jersey judgment merely established that appellee was a domiciliary of New Jersey as of May 1967 and that he was at fault for their initial separation; the D.C. judgment is based on subsequent conduct of the parties. Further, by appearing in the D.C. action, appellant gave the court the power to determine the question of property distribution and alimony irrespective of the previous judgment. *Cf.* Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); Jackson v. Jackson, D.C.App., 200 A.2d 380 (1964).

■ Appellant also contends that since the marital *res* was fixed in New Jersey by the support and maintenance litigation in 1967, the jurisdiction of New Jersey continued over the marriage and it could properly enjoin appellee and his counsel from pursuing an action in the District of Columbia to terminate it in 1968. In our view, the New Jersey decree of November 25, 1968, enjoining this action, was void for lack of jurisdiction over appellee. The courts of New Jersey have held that the type of injunction sought by appellant against appellee is one that acts

in personam. O'Loughlin v. O'Loughlin, 6 N.J. 170, 78 A.2d 64 (1951). And where the defendant in such an action is a bona fide domiciliary of another state and is not personally served in New Jersey, New Jersey lacks jurisdiction to enter such an order. Zieper v. Zieper, 14 N.J. 551, 103 A. 2d 366 (1954).[2]

■ Even if jurisdiction over appellee had existed, the injunction would not have been proper under New Jersey law in view of the fact that appellant had voluntarily appeared to defend in the action filed in the District of Columbia in July 1968. Stultz v. Stultz, 15 N.J. 315, 104 A. 2d 656 (1954). We would have declined to enforce the injunction. *See* Cunningham v. Cunningham, 25 Conn.Sup. 221, 200 A.2d 734 (Super.Ct.1964). We conclude that the trial court was correct in disregarding the New Jersey decree of November 25, 1968.[3]

■ Finally, we consider appellant's claim that the amount of alimony and counsel fees awarded was insufficient. We note that the New Jersey court, after a full hearing in 1967, awarded appellant separate maintenance in the amount of approximately $400 per month. However, appellant was then paying out of her own funds almost $100 per month of premiums on her husband's life insurance policy. The trial court in fixing alimony could quite properly take into account that henceforth she would be relieved of such a financial obligation. We find no abuse of discretion in its award of alimony in the amount of $300 per month.

2.  Appellant argues that by entering an appearance *after the decree was entered* solely for the purpose of appealing from this decree in New Jersey, appellee has subjected himself to the jurisdiction of that state, and thus can no longer assert lack of jurisdiction. Were this so, it would make it impossible to appeal from any decree invalid for lack of jurisdiction by reason of defective service. Such a result is clearly untenable. 5 Am.Jur.2d Appearance § 31 (1962). LaFetra v.

Beveridge, 124 N.J.Eq. 184, 1 A.2d 68 (Ch. 1938), is distinguishable in that the subsequent proceedings were not based on jurisdictional issues.

3.  It appears that notwithstanding the injunction, this District of Columbia decree of divorce is entitled to full faith and credit in New Jersey. Both parties appeared and actively participated in this action. Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948).

The trial court's award of counsel fees to appellant was undoubtedly not intended to reflect the entire worth of her attorney's services, but we do not find an abuse of discretion in thus requiring appellant to assume *some* of the financial burden of her litigation. She was neither destitute nor a person of limited means. She had accumulated fairly substantial capital during her years of employment and she has no one but herself to support. Under the circumstances the award of counsel fees must stand.

Affirmed.