[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The sole issue in this zoning appeal, as stipulated by the parties, is whether a temporary restraining order continues after the court has entered judgment against the party who obtained the temporary restraining order and while a petition for certification is pending. The court holds that the temporary restraining order does not automatically continue CT Page 1154-Q after the court renders a judgment of dismissal on the merits.
The parties have stipulated to the following facts: The plaintiff owns property known as 1260 Cutspring Road in Stratford. On application of the plaintiff's predecessor in title, Brian Silvestro, Trustee, the Zoning Commission of the town of Stratford (commission) approved a special case permit for this property. Appeals by neighbors delayed the final approval of the special case permit until April 18, 1988. The commission also set a deadline for obtaining a building permit pursuant to the special case permit.
Van Stone's Cypress Construction Co., Inc. became the successor in interest to Silvestro. After the commission granted two eighteen month extensions of time for obtaining a building permit, Van Stone's Cypress Construction Co. applied for another eighteen month extension of time on February 10, 1992. The commission granted an extension of time for only three months.
Van Stone's Cypress Construction Co. appealed that action CT Page 1154-R of the commission to Superior Court. In that appeal, the court (Melville, J.) granted Van Stone's Cypress Construction Co.'s application for a temporary restraining order to toll the running of the time within which to obtain a building permit. The court acted pursuant to General Statutes § 8-8(g).[1] On January 8, 1993, the court (Levin, J.) dismissed this appeal on the merits. On January 26, 1993, the Appellate Court denied Van Stone's Cypress Construction Co.'s petition for certification.
Thereafter, the plaintiff, the successor in interest to Van Stone's Cypress Construction Co., filed a soil and erosion control application with the commission. That application is part of the process for obtaining a building permit. On June 14, 1993, the commission denied this application because it determined that the time for obtaining such a permit pursuant to the special case permit had expired on May 4, 1993. On July 23, 1993, the plaintiff filed this appeal, alleging that the commission's determination of the deadline was erroneous.
The issue presented is narrow. If the temporary restraining order, which Judge Melville granted, continued while the CT Page 1154-S Appellate Court was determining whether to grant the petition for certification, then the soil and erosion control application was timely filed. If the temporary restraining order expired when the appeal was dismissed, then the soil and erosion control application was filed after the deadline.
In the context of this case, it is unnecessary for the court to distinguish between a temporary restraining order and a temporary injunction in Connecticut law. For the purposes of this case, it is sufficient to observe that a temporary restraining order is by its very terms a temporary order. Such orders are interlocutory in character and they become inoperative and terminate with the rendition of the final judgment. Nowell v. Nowell, 157 Conn. 470, 482, 254 A.2d 889, cert. denied, 396 U.S. 844, 90 S.Ct. 68, 24 L.Ed.2d 94 (1969). Even if Judge Melville's order were to be treated as a temporary injunction, the court in the Van Stone's Cypress Construction Co. case never was asked to nor in fact did it continue the injunctive order pursuant to General Statutes § 52-476[2] after it rendered its judgment dismissing the case on the merits.
Therefore, the temporary restraining order granted by the CT Page 1154-T court in Van Stone's Cypress Construction Co.'s appeal terminated when the judgment of dismissal was rendered. The commission in this case was correct in holding that the time within which to obtain a building permit had expired. Accordingly, the appeal in this case is dismissed.