### CARL MILLER v. ELIZABETH STRAHOFF MILLER

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 75038

Memorandum filed April 24, 1947.

*Nevas & Nevas,* of Westport, for the Plaintiff.

*John C. Swaim,* of Bridgeport, for the Defendant.

AICORN, J. By this motion the plaintiff solicits the action of the court in a matter of great delicacy, namely, the restraint of litigation in the courts of a sovereignty of equal status with our own.

Briefly summarized, the facts are that the plaintiff has brought an action in this court for divorce and custody of a minor child and the defendant has filed a general appearance. In the complaint in that action the plaintiff is described as a resident of Connecticut and the defendant is described as a resident of New York. At the hearing on the motion it was conceded that the parties were married in New York, that the plaintiff's office is there, and that he spends most of each week there. After the present action was started the defendant instituted an action for separation in New York in which she claims custody of the child and has filed motions for support and counsel fees. An order concerning custody of the child pedente lite and an allowance to defend has already been made in the divorce action here. No hearing regarding custody or counsel fees has yet occurred in New York.

The plaintiff requests a temporary injunction enjoining the defendant from continuing the action in New York and from seeking custody, support, and counsel fees there.

The proposition that a state may, in a proper case, restrain one of its citizens from prosecuting an action in another state is too well settled to require citation of authority. That power, however, is one to be sparingly and reluctantly used in the exercise of sound judicial discretion; and then only in cases where the petitioner establishes good reason for the action. *Metropolitan Life Ins. Co.* v. *Fuller,* 61 Conn. 252.

Even the fact that both parties are residents of the same state is not enough to justify the issuance of an injunction, "but that relief must be found upon the fact that to permit resort to the courts of another State would subject the party seeking to prevent it to a disadvantage unconscionable because the laws properly to be applied in resolving the controversy are those of the State of their common residence." *Hartford Accident & Indemnity Co.* v. *Bernblum,* 122 Conn. 583, 590.

In the present case the plaintiff seeks to restrain one whom he describes as a resident of New York. At once the difficulty of enforcing any such decree presents an obstacle to its being granted. The action in which he would restrain the defendant is of a nature not permitted under the law of this state and consequently no Connecticut law could be applied to resolve it. In so far as any custody order in New York is concerned the plaintiff can plead the action of this court and the New York courts will undoubtedly accord it the weight to which it is entitled. The respective motions for allowance to defend bear no relation to one another since the actions are separate and distinct. Not even personal inconvenience appears in this case since the plaintiff spends most of his time and has his office in New York.

One ground of jurisdiction in actions for separation in New York appears to be where the parties were married within that state and the plaintiff is a resident thereof when the action is commenced. New York Civil Practice Act § 1165-a. It would exceed the proprieties for this court to interfere, even indirectly by restraint upon a party, with the prerogative of the court of a neighboring state to determine a cause duly submitted to it for determination.

The motion is denied.