[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
The defendant moves for a protective order seeking to enjoin plaintiff from pursuing its Ohio action.
On July 18, 1988, plaintiff, Consolidated Protective Coatings Corporation, filed a one-count complaint sounding in breach of contract against defendant William J. Varanka. Plaintiff alleges the following facts in its complaint: Plaintiff employed defendant as an independent contractor/salesperson pursuant to a written contract dated July 25, 1977. Pursuant to I the terms of the contract, defendant was to be paid commissions on orders sold by defendant and accepted by plaintiff. Between November 4, 1986, and December 5, 1987, the defendant sold orders for Ethan Allen, Inc. and Trailwood Village Apartments which orders were accepted by plaintiff. Plaintiff paid defendant commissions on these orders pursuant to the terms of the contract. The orders were later rescinded by Ethan Allen, Inc. and Trailwood Village Apartments. Pursuant to the terms of the contract between plaintiff and defendant, the defendant is obligated to repay to plaintiff the commissions defendant received on the canceled orders. Defendant has refused to repay to plaintiff the commissions, and as a result, there remains due and owing to plaintiff $20,370.46.
On October 28, 1988, defendant Varanka filed an answer, special defenses and a six-count counterclaim against plaintiff sounding in breach of contract, wrongful discharge, intentional interference with contractual relationship, libel, deceit and CUTPA, Connecticut General Statutes 42-110a et seq.
On October 23, 1990, plaintiff filed in the Court of Common Pleas of Cuyahoga County, Ohio a one-count complaint against defendant Varanka. Plaintiff alleges in its Ohio complaint that, defendant and plaintiff "entered into a written agreement pursuant CT Page 85 to which defendant was to act as an independent contractor in soliciting orders for plaintiff's products. . . ." Plaintiff further alleges in its Ohio complaint "said contract . . . specifically provided that defendant `shall not injure or impair the reputation, business and/or property of' plaintiff." The plaintiff further alleges in its Ohio complaint that the defendant engaged in tortious conduct that "was intended to, and had the effect of injuring or impairing the reputation, business, and/or property of the plaintiff." Plaintiff's Ohio complaint seeks I damages allegedly resulting from the allegedly tortious conduct in the amount of $680,000.
On November 9, 1990, defendant Varanka filed in Connecticut Superior Court a motion for protective order seeking to enjoin plaintiff from continuing its Ohio action on the ground that the Ohio action is duplicative of the Connecticut litigation and therefore vexatious. Defendant has filed a supporting memorandum of law along with his own affidavit. Plaintiff has filed a memorandum of law in opposition to defendant's "motion."
Although defendant Varanka has labeled his request seeking to enjoin the plaintiff from pursuing its Ohio action as a motion for a protective order, there is no provision in the Connecticut Practice Book authorizing such action. The relief requested by defendant is actually a request for an injunction and will be treated as such.
"[T]he issuance of an injunction rests in the sound discretion of the trial court." Berin v. Olsen, 183 Conn. 337,340 (1981). "`A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law.'" Id., quoting Hartford v. American Arbitration Association, 174 Conn. 472, 476 (1978).
As a general rule, a court is empowered to issue an injunction to prevent only its residents from prosecuting an action in another state. See Wehrhane v. Peyton, 134 Conn. 583,589 (1937). Where, however, a nonresident defendant has already consented to the court's jurisdiction, the court may issue an injunction to prevent the nonresident defendant from prosecuting an action in another state's court. See Wehrhane,134 Conn. at 495-497. Nevertheless, the court's power to issue such injunctions "is one to be sparingly and reluctantly used in the exercise of sound judicial discretion." Miller v. Miller, 15 Conn. Sup. 20,21 (Super.Ct. 1947).
In support of defendant's "motion for protective order," defendant has filed his own affidavit in which he avers that he is a resident of Connecticut, and that he has insufficient funds to defend both actions pending in Connecticut and Ohio. These CT Page 86 averments do not constitute allegations of irreparable harm and lack of adequate remedy at law. Therefore the defendant has failed to satisfy the necessary elements of a claim for injunctive relief. Accordingly, defendant's "motion" is denied.
HENNESSEY, J.